ROSS DEVELOPMENT COMPANY
and KENNY ROSS CHEVROLET,
INC., Appellee,

v.

ADVANCED BUILDING
DEVELOPMENT,
INC., Appellant.

Superior Court of Pennsylvania.

Argued Oct. 23, 2001.
Filed July 2, 2002.

Jeffrey T. Morris, Bradford Woods, for appellant.

Avrum Levicoff, Pittsburgh, for appellees.

Before: DEL SOLE, P.J., FORD ELLIOTT and ORIE MELVIN, JJ.

OPINION BY ORIE MELVIN, J.:

¶ 1 Appellant, Advanced Building Development, Inc., (ABD) appeals from the trial court's order dismissing a pending arbitration proceeding against Ross Development Company and Kenny Ross Chevrolet, Inc. (Ross) and making a Rule to Show Cause Why Arbitration Should Not Be Stayed or Dismissed absolute. For the reasons that

follow, we reverse the order granting declaratory judgment, lift the stay and remand for arbitration proceedings.

¶ 2 The trial court summarized the facts as follows:

The parties entered into a contract on August 12, 1999 for the construction by ABD of a building to be used by Ross as a Chevrolet dealership in Somerset County, Pennsylvania. In May and June 2000, during the course of construction, disputes arose between Ross and ABD. ABD contended that its application for progress payment No. 5 was overdue and unpaid. Ross asserted that ABD was not entitled to receive any additional progress payments due to their failure to timely pay subcontractors and suppliers out of earlier progress payments. On June 26, 2000, ABD filed a Demand for Arbitration with the American Arbitration Association (hereinafter "AAA") pursuant to the contract.

Ross then filed a Complaint for Declaratory Judgment alleging that ABD failed to satisfy the conditions precedent in the contract which trigger the arbitration provisions therein. Ross claimed that ABD was therefore not entitled to demand arbitration of his claims and requested that the arbitration be enjoined or dismissed.

A Consent Order was entered on August 4, 2000 staying the proposed arbitration pending resolution of the Complaint. Argument was heard before this Court on November 22, 2000.

Trial Court Opinion, 2/12/01, at 1–2. Ultimately, the trial court entered an order granting the Declaratory Judgment in favor of Ross. ABD was enjoined from proceeding in arbitration. This timely appeal follows.

¶ 3 ABD sets forth three issues:

I. Should the Lower Court have permitted the AAA arbitration proceeding commenced by Advanced Building Development, Inc. to continue?

II. Assuming arguendo the Lower Court was empowered to address the issue was prior submission of the claim at issue to the architect a condition precedent to arbitration?

III. Assuming arguendo submission of the claim at issue to the architect was a condition precedent to arbitration, was that condition in the Contract modified by conduct of the parties in the course of performance or otherwise waived?

Appellant's brief at 4.

¶ 4 ABD's complaints must be reviewed in the context of whether the trial court erred in entering the declaratory judgment. Our scope and standard of review is well established. In *Fred E. Young, Inc. v. Brush Mountain*, 697 A.2d 984 (Pa.Super.1997), we noted:

When reviewing the decision of the trial court in a declaratory judgment action, our scope of review is narrow. *O'Brien v. Nationwide Mutual Insurance Co.*, 455 Pa.Super. 568, 689 A.2d 254, 257 (1997). Consequently, we are limited to determining whether the trial court's findings are supported by substantial evidence, whether an error of law was committed or whether the trial court abused its discretion, *Walker v. Ehlinger*, 544 Pa. 298, 300 n. 2, 676 A.2d 213, 214 n. 2 (1996).

The test is not whether we would have reached the same result on the evidence presented, but whether the trial court's conclusion can reasonably be drawn from the evidence. Where the trial court's factual determinations are adequately supported by the evidence we may not substitute our judgment for that of the trial court. *Clearfield Volunteer Fire Department v. BP Oil*, 412 Pa.Super. 29, 602 A.2d 877, 879

(1992), *appeal denied*, 531 Pa. 650, 613 A.2d 556 (1992) (citations omitted). *Id.* at 987.

¶ 5 Appellant contends that the trial court erred in issuing a stay of the scheduled arbitration proceedings. They first argue that the trial court should not have considered the issue of whether it was foreclosed from arbitration and instead an arbitrator should have decided that issue. We agree.

¶ 6 We begin our analysis by noting that Pennsylvania courts have long strongly favored arbitration for the resolution of legal disputes. *See Bashford v. West Miami Land Co.*, 295 Pa. 560, 145 A. 678 (1928) (holding that parties to a contract which provides for arbitration are bound by their contract to arbitrate disputes and cannot seek redress elsewhere, and every reasonable intendment will be made in favor of the validity of such agreements); *Nippon Ki–Ito Kaisha v. Ewing–Thomas Corp.*, 313 Pa. 442, 170 A. 286 (1934) (holding settlements by arbitration are no longer deemed contrary to public policy) and *Smith v. Cumberland Group, Ltd.*, 455 Pa.Super. 276, 687 A.2d 1167, 1171 (1997) (holding that when parties agree to arbitrate in a clear and unmistakable manner, the court will make every reasonable effort to favor such agreements).

¶ 7 The jurisdiction of the court to decide whether a matter is properly arbitrated is explicitly stated in 42 Pa. C.S.A. § 7304(b), which provides:

> (b) Stay of arbitration. -On Application of a party to a court to stay an arbitration proceeding threatened or commenced the court may stay an arbitration on a showing that there is no agreement to arbitrate. When in substantial and bona fide dispute, such an issue shall be forthwith and summarily tried and determined and a stay of the arbitration proceedings shall be ordered if the court finds for the moving party. If the court finds for the opposing party, the court shall order the parties to proceed with arbitration.

42 Pa.C.S.A. § 7304(b).[1] *See Santiago v. State Farm Insurance Co.*, 453 Pa.Super. 343, 683 A.2d 1216 (1996) (holding same.) Accordingly, the determination of whether this matter is subject to arbitration is within the jurisdiction of the trial court. However, not all questions are to be resolved by the trial court. In a proceeding to stay or to compel arbitration, the question of whether the parties agreed to arbitrate, commonly referred to as "substantive arbitrability," is generally one for the courts and not for the arbitrators. *AT & T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). On the other hand, resolution of procedural questions, including whether the invocation of arbitration was proper or timely is left to the arbitrator. *Mack Mfg. Corp. v. International Union, United Auto., Aircraft and Agric. Implement Workers Local 677*, 368 Pa. 37, 81 A.2d 562 (1951). Such questions may be referred to as "procedural arbitrability."

¶ 8 In Pennsylvania, our Supreme Court has held that:

> When one party to an agreement to arbitrate seeks to enjoin the other from proceeding to arbitration, judicial inquiry is limited to the question of whether an agreement to arbitrate was entered into and whether the dispute falls within the scope of the arbitration provision. (Citation omitted.) Thus a party who

---

1. We recognize that the arbitration provision in the agreement before us provides for common law arbitration, however; we note that section 7304(b) is now applicable to common law arbitration proceedings. *See* 42 Pa.C.S.A. § 7342.

can establish that he did not agree to arbitrate, or that the agreement to arbitrate, limited in scope, did not embrace the disputes in issue, may be entitled to enjoin an arbitration proceedings.

*Kardon v. Portare,* 466 Pa. 306, 309–310, 353 A.2d 368, 369 (1976), (quoting *Flightways Corp. v. Keystone Helicopter Corp.,* 459 Pa. 660, 331 A.2d 184, 185 (1975)); *see also, Paone v. Dean Witter Reynolds, Inc.,* 789 A.2d 221 (Pa.Super.2001) (holding same). Again, the question of substantive arbitration is for the courts while procedural arbitration is left to the arbitrators.

■ ¶ 9 In making the threshold determination of whether the matter should proceed to arbitration, the court must look to the scope of the parties' agreement to arbitrate. Ross concedes that Section 4.3 of the Contract contains certain provisions relating to the assertion, handling and disposition of "claims." *See* Contract at ¶ 4.3.1 (defining "Claims" as a demand or assertion seeking, *inter alia,* payment of money). Ross also concedes that the contract has very clear provisions for arbitration. Accordingly, there can be no question that the parties agreed to arbitration.

¶ 10 Moreover, this particular type of dispute, whether the Contractor is entitled to the payment in question, is clearly within the scope of the agreement. In fact, Ross premises their argument on specific provisions that set forth time limitations for submission of claims, *see* Contract at ¶ 4.3.3, and what they characterize as conditions precedent to arbitration, *see* Contract at ¶ 4.3.2 and ¶ 4.5.4. Accordingly, with the questions answered of whether an agreement to arbitrate was entered into and whether the dispute falls within the scope of the arbitration provision, the trial court erred in precluding this matter from proceeding to arbitration. Hence, the threshold issue of whether the failure to meet time limitations for submission of these claims to the architect is a condition precedent for proceeding to arbitration is an issue for the arbitrators to initially decide.

¶ 11 The problem here arose because Ross asked the trial court to interpret specific terms of the contract, which allegedly make submission of claims to the architect a condition precedent to arbitration. ABD alleges that Ross failed to make the final payment, and Ross alleges that ABD is not entitled to it because they failed to timely pay subcontractors out of the previous payments. Ross further complains that ABD failed to submit its claim for the final payment to the architect. ABD counters that the architect was not fully performing his functions, and the requirement that payments be approved by the architect have been waived by the conduct of the parties. These are questions of procedural arbitrability. Because these are the very issues that would be presented to an arbitrator if the dispute was held to be arbitrable, we must agree with ABD that the matter is more properly suited for arbitration.

¶ 12 Finally, Ross contends that a Pennsylvania Supreme Court case of *Dickens v. Pennsylvania Turnpike Commission,* 351 Pa. 252, 40 A.2d 421 (1945) is controlling. We disagree. The contractor in *Dickens* had entered into a contract with the Pennsylvania Turnpike Commission for the construction of a portion of the state's turnpike located in Somerset County. According to the terms of the contract, the basis for payment was the amount of ground removed. The parties disagreed over this amount, and the contractor sought arbitration to settle the dispute. The arbitration clause of the contract stated, "Arbitration. All questions or disputes respecting any matter pertaining to this contract, or any part thereof, or any breach of said contract, shall be prepared

in writing by the contractor in detail, in triplicate, and submitted to the chief engineer of the Pennsylvania Turnpike Commission. *Reference of questions as herein provided shall not be made until after final quantities have been determined and must be made within thirty (30) days thereafter and prior to payment therefor.* The chief engineer will render a decision in writing on all items or questions in dispute." *Id.* 351 Pa. at 254, 40 A.2d at 422.

¶ 13 In disposing of the case, the *Dickens* Court specifically examined Section 4(b) of the Turnpike Act of May 21, 1937, P.L. 774, 36 P.S. § 652d, which provided that "all contracts and agreements relating to the construction of the turnpike and connecting tunnels and bridges shall be approved by the Department of Highways, and the turnpike and connecting tunnels and bridges shall be constructed under the supervision of the Department of Highways." Applying this section, the *Dickens* Court concluded the Chief Engineer had no power to change the terms and conditions of the contract, including the paragraph providing for arbitration. When this section of the Turnpike Act was considered in conjunction with the Board of Claims Act of May 20, 1937, P.L. 728, 72 P.S. § 4651–1 et seq., the *Dickens* court concluded that the contractor had lost his right to arbitrate his dispute under the terms of the contract by not meeting the condition precedent that this dispute be submitted within thirty days after final quantities had been determined. Accordingly, the result in *Dickens* was that the contractor was not entitled to arbitration.

¶ 14 Initially, we note *Dickens* was decided in 1945. At that time contract claims against the Commonwealth were heard by the Board of Arbitration of Claims, established by the Act of May 20, 1937, P.L. 728, 72 P.S. § 4651–1. That Board was created as a departmental administrative board in the Department of the Auditor General that was to arbitrate claims against the Commonwealth arising from contracts entered into by the Commonwealth. However, the Act was later amended by the Act of October 5, 1978, P.L. 1104, 72 P.S. § 4651–1, which created the present Board of Claims. Similar to the Board of Arbitration of Claims, the Board of Claims was created as an independent administrative board to arbitrate contract claims involving the Commonwealth. *Southeastern Pennsylvania Transportation Authority v. Union Switch and Signal, Inc.,* 161 Pa.Cmwlth. 400, 409, fn. 15, 637 A.2d 662, 667, fn. 15 (1994). We stress that *Dickens* was decided under the Board of Arbitration of Claims Act of 1937.

¶ 15 The present case is distinguishable in that it does not involve the Commonwealth, and much has changed in the law on arbitration since *Dickens* was decided in 1945. At that time, arbitration of disputes between parties not involving the Commonwealth were decided either under the Arbitration Act of April 25, 1927, P.L. 381, No. 248, 5 P.S. §§ 171, 176 or by common law arbitration. This Act has since been repealed, and the Pennsylvania Uniform Arbitration Act was adopted on October 5, 1980. 42 Pa.C.S.A. §§ 7301–7362. Accordingly, we reject Ross' contention that *Dickens* is controlling.

¶ 16 The instant case must be decided under the Pennsylvania Uniform Arbitration Act now in effect. Since 1980, there has been a long line of cases that hold that if it appears that a dispute relates to a contract's subject matter and the parties agreed to arbitrate, all issues of interpretation and procedure, including requirements preliminary to the presentation of any claims, are for the arbitrators to resolve. *See Shaler Area Ed. Ass'n v. Shaler Area Sch. Dist.,* 61 Pa.Cmwlth. 211, 433

A.2d 168 (1981) (holding the arbitrator has jurisdiction to make the final determination of procedural issues including conditions precedent such as preliminary requirements and time limitations); *see also, Messa v. State Farm Ins. Co.,* 433 Pa.Super. 594, 641 A.2d 1167 (1994) (where a valid agreement to arbitrate existed and the claim was within the scope of that agreement that issues concerning the merits of the parties' claims and defenses must be submitted to the arbitrators); *see also, Santiago v. State Farm Ins. Co.,* 453 Pa.Super. 343, 683 A.2d 1216 (1996) (where the dispute is properly the subject of an agreement to arbitrate, arbitration is the procedure to follow and it is the duty of the arbitrators initially to interpret the terms of the agreement); *see also, Shamokin v. Farfield,* 308 Pa.Super. 271, 454 A.2d 126 (1982) (holding that where the parties have agreed to arbitrate all issues arising from the contractual relationship, procedural questions such as timeliness are reserved for the arbitrators).

¶ 17 In conclusion, we find the trial court may only address questions of substantive arbitrability such as whether there is a valid arbitration agreement and whether the disputed claim is within the scope of that agreement. Here the trial court invaded the province of the arbitrators when it considered questions of procedural arbitrability such as timeliness in invoking the arbitration clause and the merits of the dispute. Therefore, because the parties have agreed to arbitration and this dispute is within the scope of that agreement, it was error for the trial court to grant the declaratory judgment and stay arbitration. To hold otherwise would compel a result in which ABD would never have the opportunity to present its defense to Ross' claim that ABD failed to meet the alleged condition precedent contained in the dispute resolution terms of the con-

tract. Accordingly, we decline to address the remaining issues raised by ABD and defer those questions to the arbitrators.

¶ 18 Order reversed. Stay of arbitration proceedings lifted and case remanded for further proceedings. Jurisdiction relinquished.