**THEODORE C. WILLS COMPANY, INC. Appellant**

v.

**SCHOOL DISTRICT OF THE BOYER-TOWN AREA T/A D/B/A A/K/A Boyertown Area School District Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 22, 2003.
Filed Nov. 26, 2003.

Christopher Fione, Shippack, for appellant.

Andrew W. Bonekemper, Lansdale, for appellee.

Before: JOHNSON, MONTEMURO * and TAMILIA, JJ.

* Retired Justice assigned to Superior Court.

MONTEMURO, J.

¶ 1 This is an appeal from an order in a contract action sustaining the preliminary objections of Appellee, dismissing Appellant's complaint, and denying its petition for stay of the arbitration under 42 Pa. C.S.A. § 7304(6), and permanent injunction. We affirm.

¶ 2 In June of 1992, the parties contracted for Appellant to install an HVAC system for additions and alterations to a high school in Appellee's district. The contract contained an arbitration clause which reads in pertinent part as follows:

> All claims, disputes and other matters in question between the Contractor and the Owner arising out of or relating to the Contract Documents or the breach thereof ... shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise.... The foregoing agreement to arbitrate ... shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.
>
> Notice of the demand for arbitration shall be filed with the other party to the Owner–Contractor Agreement and the American Arbitration Association ... The demand for arbitration shall be made ... within a reasonable time after the claim, dispute or other matter in question has arisen: and in no event shall it be made after the date when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statute of limitations.

(Contract of June 16, 1992).

¶ 3 In May of 1997, Appellant filed a demand for arbitration seeking payment of $10,000 as the balance allegedly due under the contract for work performed. Two weeks later, Appellee submitted an answer and counterclaim listing eight instances of defects in Appellant's work, and asserting that damages were not then known but would be in excess of $50,000.

¶ 4 In May of 1998, the parties entered into an agreement and supplement under the terms of which Appellant agreed to take certain specific steps to remedy the defects. An arbitrator's order incorporating the agreement and its supplement and requiring compliance with their terms contained the following language: "The arbitrator retains jurisdiction over all matters in dispute between the parties." (Arbitrator's Order of 6/25/98). The order also specified that further proceedings would be scheduled in the future.

¶ 5 In March of 2002, after further investigation by Appellee of which Appellant was informed, Appellee filed an amended answer to Appellant's demand for arbitration denying Appellant's claim for retainage on the basis that the architect's previously issued certificate authorizing final payment had been rescinded in June of 1995, and, as well, an amended counterclaim alleging further damages, in excess of $1,500,000, caused by additional, recently discovered defects in Appellant's installation of the HVAC system. Appellee also requested reimbursement for attorney's fees and investigative costs.

¶ 6 After a hearing on Appellant's opposition to the emendations and a ruling by the arbitrator permitting Appellee to submit the amended documents, Appellant filed a declaratory judgment action in the Common Pleas Court asserting that the

claims presented in the Amended Counterclaim and New Matter were, on a number of bases, outside the scope of the arbitration agreement; that the arbitrator exceeded the scope of his authority; and that the limitation period prescribed by the contract had been violated. Appellee responded with preliminary objections, which, after argument, were sustained by the trial court. Appellant's complaint was dismissed and the requested injunctive relief also denied. This appeal followed.

■ ¶ 7 Appellant has posed its principal claim on appeal, "whether the parties agreed to arbitrate all claims, disputes and other matters arising out of the contract," (Appellant's Brief at 1) as subsuming questions of "whether the [trial] court has the authority to review the decisions of the arbitrator as to the scope of the arbitration agreement," and "whether the claims asserted in [Appellee's] amended answer and counterclaim are outside the scope of the agreement." *Id.* Since Appellant has presented these matters as inseparable, we shall address them as such.

> When reviewing the decision of the trial court in a declaratory judgment action, our scope of review is narrow. Consequently, we are limited to determining whether the trial court's findings are supported by substantial evidence, whether an error of law was committed or whether the trial court abused its discretion.

*Ross Development Co. v. Advanced Building Development, Inc.,* 803 A.2d 194, 195 (Pa.Super.2002) (citations omitted).

■ ¶ 8 Specifically, in assessing the propriety of the trial court's decision to sustain preliminary objections, we examine

> the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and

whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or an abuse of discretion. When sustaining the trial court's ruling will result in the denial of a claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

*Clemleddy Construction, Inc. v. Yorston,* 810 A.2d 693, 696 (Pa.Super.2002) (citations and quotation marks omitted).

■ ¶ 9 The thrust of Appellant's argument on appeal is a somewhat quixotic denial of the breadth of the contract's arbitration clause; "all," in Appellant's estimation, is a less than comprehensive term. Appellant insists that certain issues not specifically described in the agreement are therefore not arbitrable: the claims set forth in the amended counterclaim, it is contended, are not within the scope of the agreement to arbitrate either because they are beyond the applicable statute of limitations, or because they were not brought within a reasonable time as required by the arbitration clause. Moreover, Appellant argues, the arbitrator exceeded the scope of his authority by allowing these claims to proceed. Attorney's fees and investigative costs are also not recoverable under the contract and, according to Appellant, because they were not included in the original counterclaim, are not properly to be considered. Although conceding that the trial court correctly decided that the parties had contracted to arbitrate, Appellant asserts that the trial court improperly refused to decide whether the matters raised in Appellee's amended counterclaim were arbitrable. In fact, the trial court did make such a decision by its dismissal of Appellant's complaint.

¶ 10 This Court in *Ross Development, supra,* has recently explained that 42 Pa. C.S.A. § 7304(b) controls on the question of when the trial court has jurisdiction to decide whether a matter is properly arbitrated.[1]

> However, not all questions are to be resolved by the trial court. In a proceeding to stay or compel arbitration, the question of whether the parties agreed to arbitrate, commonly referred to as "substantive arbitrability," is generally one for the courts and not for the arbitrators. On the other hand, resolution of procedural questions, **including whether the invocation of arbitration was proper or timely is left to the arbitrator.** Such questions may be referred to as "procedural arbitrability."

*Id.* at 196 (citations omitted) (emphasis added).

¶ 11 The *Ross Development* Court later noted that "[s]ince 1980, there has been a long line of cases that hold that if it appears that a dispute relates to a contract's subject matter and the parties agreed to arbitrate, all issues of interpretation and procedure, including requirements preliminary to the presentation of any claims, are for the arbitrators to resolve." *Id.* at 198.

¶ 12 Here, as the contract attests, and indeed, as Appellant concedes, the parties agreed to arbitrate. (Appellant's Brief at 10). Moreover, the central dispute does indeed relate to the contract's subject matter as the parties are concerned with quality of work and payment issues, that is, putative breaches of the contract and theoretical recovery for same. Whether attorney's fees and costs are appropriate under the contract is also a matter of interpreting contract language as any such award here relates to recovery attendant on proof of contract breach.

¶ 13 Appellant's arguments, reliant as they are on allegations of untimeliness and other areas of procedural arbitrability, at no time deny that the central concern of this litigation is the parties' respective contractual responsibilities. Since there is no question that the parties did agree to arbitrate, whether these questions of performance were properly and/or timely brought before the arbitrator is, as *Ross Development* clearly tells us, for the arbitrator to decide. Indeed, the May 1998 arbitrator's order, incorporating the agreement and supplement of that date, says as much, covering "all matters in dispute between the parties." (Arbitrator's Order of 6/25/98). The additional defects identified in the amended counterclaim do not extend the nature of the dispute, which is the quality of Appellant's performance.

¶ 14 As the trial court observed, relying on this Court's decision in *Giant Markets v. Sigma Marketing Systems, Inc.,* 313 Pa.Super. 115, 459 A.2d 765, 770 (1983), unless some limitation on his/her authority is imposed by the parties, the arbitrator may decide all matters necessary to dispose of any disputed claims subject to arbitration since in the absence of such a restriction, the court may not impose one *sua sponte.* Were this not the case, contractual arbitration clauses would be of infinite length to accommodate any conceivable contingency. Accordingly, "all"

---

1.  "42 Pa.C.S.A. § 7304(b) Stay of arbitration.—On application of a party to a court to stay an arbitration proceeding threatened or commenced the court may stay an arbitration on a showing that there is no agreement to arbitrate. When in substantial and bona fide dispute, such an issue shall be forthwith and summarily tried and determined and a stay of the arbitration proceedings shall be ordered if the court finds for the moving party. If the court finds for the opposing party, the court shall order the parties to proceed with arbitration."

does mean "all" unless otherwise agreed by the parties.

¶ 15 Order affirmed.