# Wellington v. Westrum Development Co.

*Dashika R. Wellington*, for plaintiffs.
*William D. Auxer*, for defendant.

KEOGH, *J.*, March 17, 2011—The plaintiffs filed an appeal of this court's January 11, 2011 order granting defendants' petition to compel arbitration.

## I. PROCEDURAL/FACTUAL HISTORY

1. On December 11, 2009, plaintiffs filed a praecipe for writ of summons against defendants. The praecipe was reissued on January 11, 2010. After the filing of the complaint the parties stipulated to the filing of an amended complaint, which occurred on November 19, 2010. In response, defendants filed a petition to compel arbitration.

2. The Westrum defendants were responsible for the sale and construction of a condominium development, Brewerytown Square, located at 1300 North 31st Street, Philadelphia, Pa. The Wellington plaintiff entered into an

agreement of sale for a unit in the development with the seller, Westrum Development Company d/b/a Westrum BT LP, on October 20, 2005. The Flynn plaintiffs did the same on April 29, 2006. The contractor for the project was defendant, Westrum Urban Construction LLC, and a "Homeowners Limited Warranty" was issued by the contractor to both buyers.[1] The principal place of business for both defendants is 370 Commerce Drive, Fort Washington, Pennsylvania.

3. Plaintiffs' amended complaint includes four counts: 1) A violation of the unfair trade practices consumer protection law, 2) breach of contract, 3) breach of express warranty and, 4) breach of statutory warranty, 68 Pa. § 3411; the essence of plaintiffs' claims is that the HVAC heating system in the newly constructed units did not work properly on the first floor and that the defendants failed to make the necessary repairs to the units.

4. The sales agreement contains an arbitration clause.

5. On December 9, 2010, defendants filed a petition to compel arbitration to enforce the arbitration clause. Plaintiffs opposed the request. The court entered an order on January 11, 2011 granting the petition and directing the parties to arbitrate plaintiffs' claims.

6. On January 26, 2011, petitioners filed a notice of appeal.

## II. DISCUSSION

---

1. Copies of the sales agreement and warranty were attached as exhibits to both the amended complaint and the petition to compel arbitration.

Arbitration agreements are governed by the Pennsylvania Uniform Arbitration Act, 42 Pa.C.S. § 7301, et. seq. An agreement to arbitrate can be asserted by preliminary objections or by petition. Such agreements are favored as an effective method of dispute resolution. Pursuant to section 7304 of the act, entitled "Court proceedings to compel or stay arbitration," if a challenge to the agreement is raised the *court shall proceed summarily to determine the issue so raised and shall order the parties to proceed with arbitration if it finds for the moving party.*

The party seeking to enforce an agreement to arbitrate must establish that 1) the parties entered into an agreement to arbitrate their disputes, and that 2) the dispute at issue falls within the scope of the arbitration agreement. *Ross Dev. Co. v. Advanced Bldg. Dev. Inc*, 803 A.2d 194 (Pa. Super. 2002). The *Ross* court noted that:

We begin our analysis by noting that Pennsylvania courts have long strongly favored arbitration for the resolution of legal disputes. See *Bashford v. West Miami Land Co.*, 295 Pa. 560, 145 A. 678 (1928) (holding that parties to a contract which provides for arbitration are bound by their contract to arbitrate disputes and cannot seek redress elsewhere, and every reasonable intendment will be made in favor of the validity of such agreements); *Nippon Ki-Ito Kaisha, Ltd. v. Ewing-Thomas Corp.*, 313 Pa. 442, 170 A. 286 (1934) (holding settlements by arbitration are no longer deemed contrary to public policy) and *Smith v. Cumberland Group, Ltd.*, 455 Pa. Super. 276, 687 A.2d 1167, 1171 (Pa. Super. 1997) (holding that when

parties agree to arbitrate in a clear and unmistakable manner, the court will make every reasonable effort to favor such agreements). 803 A.2d at 196.

The arbitration clause at paragraph 26 of the aales agreement states, in relevant part, that:

Buyer hereby agrees that any and all disputes arising out of this agreement, the home warranty or the construction or condition of the premises, including, but not limited to, disputes concerning breach of contract, express and implied warranties, representations and/ or omissions by seller, on-site and off-site conditions and all other torts and statutory causes of action ("Claims") shall be resolved by binding arbitration pursuant to the construction rules of arbitration of the American Arbitration Association or its successor or an equivalent organization selected by the Seller..... This agreement to arbitrate shall be specifically enforceable by the parties, and each of them hereby confirm that they intend that all disputes, controversies or claims of any kind shall be arbitrated.

Plaintiffs do not challenge the validity of the arbitration clause; rather, they assert that since the clause is only contained in the sales agreement and not in the limited warranty, and since the contractor was not a signatory to the sales agreement, they cannot be required to arbitrate the claims that they have asserted against the contractor. In the answer in opposition to the petition to compel arbitration, plaintiffs state at ¶ 17,

Indeed, the arbitration clause in the agreement of sale specifically references only the "seller," which is not

Westrum Urban Construction, LLC. The inclusion of a section providing for the resolution of disputes, coupled with the noticeable absence of any reference to arbitration, makes it abundantly clear that the parties did not agree to arbitrate the claims against a defendant where no such contractual agreement exists, this court must retain jurisdiction over all claims asserted against Westrum Urban Construction, LLC. The remaining claims against Westrum BT. L.P. are based on the exact same common nucleus of operative facts, and it would be an extraordinary waste of resources, and a great financial strain to plaintiffs, to require dual litigation of the same claims in two different venues....

Plaintiffs' logic supports the court's contrary finding as it would be an extraordinary waste of resources, not to mention an affront to the policy of judicial economy to require litigation where the parties clearly intended for the arbitration of *"any and all disputes arising out of this agreement, the home warranty or the construction or condition of the premises...."* The fact that the contractor is not a signatory of the sales agreement does not undermine the agreement to arbitrate.

*Dodds v. Pulte Home Corporation, et. al,* 909 A.2d 348 (Pa. Super. 2006), is instructive on this point and compels the court's finding that the disputes at issue should be arbitrated. In *Dodds,* homeowners filed suit against the builders and sellers of their homes. The defendants appealed the trial court's denial of their motion for summary judgment, which requested that the matter be remanded for arbitration. The plaintiffs argued that the inclusion of claims alleging fraud and violation of the

UTPCPL, as well as the fact that a non-signatory to the arbitration agreement was named as a defendant took their litigation out of the ambit of arbitration. The Superior Court disagreed and reversed the trial court's order relying upon an earlier 1998 decision in *Shadduck v. Christopher J. Kaclik, Inc.*, 713 A.2d 635 (Pa. Super. 1998), and held:

> The parties to an agreement cannot attempt to defeat an arbitration clause simply by adding fraud allegations to what is essentially a contract claim or by adding a principal as a defendant who was not a party to the agreement. The gist of these actions is in contract, and, therefore, we conclude that the parties are bound by their arbitration agreements. 909 A.2d at 350.

On the issue of a non-signatory to the arbitration agreement, the *Dodds* court noted that non-signatories to a contract may be covered by an arbitration clause if that is the signing parties' intent:

> Here, the interests of PHC are the same as those of PHCDV[2]. An arbitration agreement would be of little value if a party could obviate the effect of the agreement merely by finding a way to join another party. In no event could the arbitration clause of PHCDV be defeated by adding PHC to the complaint, and because PHC wishes to *enforce* the arbitration agreement rather than avoid it, plaintiffs, as signatories to the arbitration agreement, should not be able to avoid the requirement to arbitrate by a non-signatory when the non-signatory

---

2. PHC was the parent corporation of PHCDV, against whom the breach of contract claim was asserted. The defendants were identified as the builder and seller of the homes.

*wants* to arbitrate. *Id.* at 352.

Plaintiffs are attempting to avoid arbitration by claiming that the contractor, Westrum Urban Construction LLC, was not a signatory to the sales agreement, thus removing any claims against the contractor out of the ambit of arbitration. This argument is disingenuous; the plaintiffs collectively refer to the defendants as "Westrum" throughout the amended complaint, also noting that the defendants share the same business address. Additionally, the contractual documents at issue, the agreement of sale and the limited warranty, reference that the seller, Westrum BT, L.P., will have the contractor provide a limited warranty of construction of the premises. The sales agreement includes verbatim the warranty language contained in the limited warranty.

The arbitration clause in the agreement of sale encompasses the limited warranty as it references that all disputes arising out of the "Home Warranty" will be arbitrated and as no other warranties have been referenced by the parties, the reasonable conclusion is that the limited warranty is the warranty referenced in the arbitration clause. The agreement of sale further references Westrum Urban Construction, LLC, as the contractor/builder. And, although the sales agreement was executed prior to the extension of the limited warranty, which by agreement could not have occurred until settlement, the sales agreement repeatedly references construction of the units and sets forth a construction schedule.

Moreover, plaintiffs' argument that the contractor's status as "non-signatory" prevents arbitration of their

claims against the contractor is undercut by the *Dodds* decision. Plaintiffs, as signatories to the arbitration clause, should not be able to avoid arbitration, especially in light of the fact that both defendants are seeking arbitration and the clause at issue covers the claims raised by plaintiffs in their amended complaint.

Two final points that need to be addressed include the plaintiffs' assertion, not raised in their answer in opposition to the petition to compel arbitration but in the supporting memorandum of law, that the sales agreement is a contract of adhesion. The fact that a contract may be found to be one of adhesion, a standard form contract prepared by one party to be signed by the party in a weaker position who has little choice about the terms, does not void the agreement. Rather, the party challenging a contract on that basis must establish that the contract is unconscionable on the basis that one of the parties must lack a meaningful choice about whether to accept the provision in question and the challenged provision must unreasonable favor the other party to the contract. See *Salley v. Option One Mortg. Corp.*, 592 Pa. 323, 925 A.2d 115 (2007). This court finds that the sales agreement is not unconscionable so as to void it; thus the arbitration clause is enforceable.[3]

Secondly, plaintiffs assert that arbitration is not a viable option in this matter since *"AAA, on its own ceased*

---

3. Factors that are considered in determining the unconscionability of an arbitration agreement include the educational background of a party and whether there was any challenge raised to the agreement. Plaintiffs have not claimed that they attempted to negotiate the elimination of the clause from the sales agreement. Additionally, plaintiff, Dashika Wellington, is an attorney and has been since 2001. She is representing herself as well as the Flynns in this matter.

*hearing certain consumer claims due to concerns of institutional bias against consumers.* "[4] The arbitration clause provides that the arbitration will be conducted *"pursuant to the construction rules of arbitration of the american arbitration association.* " In July of 2009, AAA voluntarily decided to suspend arbitration of consumer debt collection cases. At that time, AAA recommended to the house of representatives that additional due process protocols where necessary for these types of cases.[5] The matter at issue is not subject to AAA's self-imposed suspension. Thus, the suspension provides no bar to the arbitration of plaintiffs' claims pursuant to AAA's construction rules of arbitration.

## III. CONCLUSION

The sales agreement between the plaintiffs and the defendant-seller includes an arbitration clause, which this court finds addresses all of the claims raised in the amended complaint, including those directed to the defendant-contractor.

Plaintiffs' argument that the defendant-contractor is a non-signatory to the agreement, and thus arbitration of the claims against that party cannot be required, is undercut by the *Dodds* decision. There is an obvious and close nexus between the defendants, who share a business address and whom the plaintiffs collectively referred to as the defendants and/or Westrum in the amended complaint.

---

4. ¶17 of plaintiffs' answer in opposition to the petition to compel arbitration.

5. A copy of the announcement is attached as an exhibit to this opinion.[Ed. note: not attached here.]

The court properly granted defendants' petition to compel arbitration. Accordingly, appellate relief is not warranted.