J-S10041-22

2022 PA Super 141

| | | |
|---|---|---|
| MBC DEVELOPMENT, LP, MBC MANAGEMENT, LLC, MBC PROPERTIES, LP, JAMES L. MILLER, MILLER PROPERTIES MANAGEMENT, LLC, MARTIN CERULLO, WILLIAM KIRWAN | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | No. 1295 MDA 2021 |
| JAMES W. MILLER | : : | |
| Appellant | : | |

Appeal from the Order Entered September 28, 2021
In the Court of Common Pleas of Schuylkill County Civil Division at
No(s):  S-797-2021

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

OPINION BY COLINS, J.:                **FILED: AUGUST 12, 2022**

This is an appeal from an order of the Court of Common Pleas of Schuylkill County (trial court) permanently staying an arbitration initiated by Appellant, James W. Miller, against MBC Development, LP, MBC Properties, LP, MBC Management, LLC, Miller Properties Management, LLC, James L. Miller (JLM), Martin Cerullo, and William Kirwan.  For the reasons set forth below, we vacate the trial court's order insofar as it stayed Appellant's arbitration in its entirety, but affirm the stay of the arbitration with respect to appellees Cerullo and Kirwan.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant and JLM, who is Appellant's father, are limited partners in MBC Development, LP and MBC Properties, LP (collectively, the Partnerships). N.T. Oral Argument of Motion to Stay Arbitration (N.T. Oral Argument) at 3. MBC Properties, LP is a Pennsylvania limited partnership founded in the 1970s by JLM and JLM's brother. Trial Court Opinion at 2. MBC Development, LP is a Pennsylvania limited partnership founded in 2002 by JLM and Appellant. *Id.* Miller Properties Management, LLC and MBC Management, LLC (collectively, the LLCs) are the respective general partners of MBC Properties, LP and MBC Development, LP. N.T. Oral Argument at 3; 2/28/20 Report of Special Litigation Committee Investigating Potential Claims on Behalf of MBC Properties, LP, MBC Development, LP, MBC Grings Hill, LP, MBC Danville, LP, MBC Carlisle, LP, and MBC Hamburg LLC (SLC Report) at 6-7. JLM owns more than fifty percent of each of the Partnerships and more than 99% of each of the LLCs. *Id.*

The partnership agreements of the Partnerships (the Partnership Agreements) both contain the following arbitration clause:

Section 11.1 **Mandatory Arbitration**

A. **Any dispute or controversy arising under or in connection with this Agreement shall be settled exclusively by arbitration in accordance with the rules of the American Arbitration Association** in effect at the time of submission to arbitration. **Each Partner consents for himself or itself, and for his or its respective successors in interest, to the submission of any dispute or controversy hereunder to the arbitration process as aforesaid, where such submission is initiated by any other Partner** (or that Partner's successor in interest). The arbitration shall be conducted by a single arbitrator

selected by the parties or, if they cannot agree, then the arbitrator or arbitrators shall be selected under the procedures of the American Arbitration Association.

B. **All decisions of the arbitrator shall be final, binding and conclusive on all Partners** (including any decision with regard to costs as set out below in Section 11.2, **and no Partner (and no successor in interest) shall have a right of appeal from any such decision to any Court.** However, solely for the purpose of implementing the arbitrator's decision, judgment may be entered on the arbitrator's award in any court having jurisdiction.

MBC Properties, LP Partnership Agreement at 26 § 11.1 (emphasis added);

MBC Development, LP Partnership Agreement at 23 § 11.1 (emphasis added)

On July 16, 2019 and August 12, 2019, Appellant served written demands on the Partnerships and other entities not involved in this case asking that they bring legal actions against JLM.  Trial Court Opinion at 2; 2/28/20 SLC Report at 1.  In response to these demands, the Partnerships and other entities invoked the special litigation committee process provided by Section 8694 of the Pennsylvania Uniform Limited Partnership Act of 2016 (the Limited Partnership Act), 15 Pa.C.S. § 8694, and appointed Cerullo and Kirwan as a special litigation committee (the SLC) to investigate and address the claims asserted in Appellant's demands.[1]  Trial Court Opinion at 2; 2/28/20 SLC Report at 1.  On February 28, 2020 and August 31, 2020, the SLC issued

---

[1] Although Section 8694 and the other provisions of the Limited Partnership Act did not become law until long after the Partnership Agreements were executed, they apply to all Pennsylvania limited partnerships, including those formed before these statutes were enacted.  15 Pa.C.S. § 8611(c).

reports addressing Appellant's July and August 2019 demands and subsequent demands submitted by Appellant. Trial Court Opinion at 2-3. In these reports, the SLC directed that the Partnerships take certain actions to address issues raised in Appellant's demands, but concluded that no suit should be brought against JLM. *Id.* at 3; 2/28/20 SLC Report at 41-48. Following the SLC's February 28, 2020 report, the parties entered into an agreement tolling the statute of limitations on the claims in Appellant's demands from February 28, 2020 through April 24, 2021.

On May 17, 2021, Appellant filed a demand for arbitration against the Partnerships, the LLCs, JLM, Cerullo, and Kirwan (collectively, Appellees) asserting derivative claims on behalf of the Partnerships against JLM for breach of the fiduciary duty that the general partner owes to the Partnerships and a direct claim against MBC Development, LP for failure to make a mandatory distribution to him. On June 2, 2021, Appellees filed a petition to permanently stay arbitration. In this petition, Appellees sought to stay the arbitration *in toto* on the ground that Appellant's claims are challenges to the SLC determinations under Section 8694 of the Limited Partnership Act, not claims arising under or in connection with the Partnership Agreements, and on the ground that Section 8694 requires that a court determine whether a special litigation committee's determination bars a derivative action. Appellees also sought, in the alternative, to permanently stay the arbitration

as to Cerullo and Kirwan on the ground that they were not parties to any agreement to arbitrate.

Following briefing and oral argument, the trial court on September 28, 2021 issued an order permanently staying the arbitration. The trial court concluded that Appellant's derivative claims were within the scope of the Partnership Agreements' arbitration clauses, but held that Appellant could not proceed with the arbitration because the issue of whether the SLC's determination barred Appellant from bringing the derivative claims was a statutory claim that was not within the scope of the arbitration clauses and because the Limited Partnership Act requires that a court determine whether a special litigation committee's rejection of derivative claims must be enforced. Trial Court Opinion at 5-12. The trial court also concluded that Cerullo and Kirwan could not be compelled to arbitrate because they were not parties to the Partnership Agreements and never consented to arbitration. *Id.* at 12. This timely appeal followed.

Appellant presents the following issues for our review:

A. Did the trial court commit an error of law or abuse its discretion by ordering a permanent stay of the arbitration initiated by Appellant based on its interpretation of the Pennsylvania Limited Partnership Act, 15 Pa. C.S. §8601, *et seq.*, and in particular sections 8615, 8692 and 8694, as requiring "court review" of determinations of a special litigation committee even when the parties have chosen arbitration as the exclusive and mandatory forum for any dispute or controversy arising under or in connections [*sic*] with the Partnership Agreement?

B. Did the trial court commit an error of law in finding that Appellees Martin Cerullo and William Kirwan, as members of

- 5 -

the special litigation committee appointed as agents acting on behalf of the Partnerships, could not be bound to the arbitration clause in the Partnership Agreements?

Appellant's Brief at 5-6 (suggested answers omitted).

Both Pennsylvania and federal law impose a strong public policy in favor of enforcing arbitration agreements. *Marmet Health Care Center, Inc. v. Brown*, 565 U.S. 530, 532-33 (2012); *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24 (1983); *In re Estate of Atkinson*, 231 A.3d 891, 898 (Pa. Super. 2020); *Saltzman v. Thomas Jefferson University Hospitals, Inc.*, 166 A.3d 465, 471 (Pa. Super. 2017). If a valid agreement to arbitrate exists and the dispute falls within the scope of the arbitration agreement, the dispute must be submitted to arbitration and a lower court's denial of arbitration must be reversed. *Estate of Atkinson*, 231 A.3d at 898; *Saltzman*, 166 A.3d at 472; *Provenzano v. Ohio Valley General Hospital*, 121 A.3d 1085, 1094, 1104 (Pa. Super. 2015); *see also* 42 Pa.C.S. §§ 7304(b), 7321.8(b), 7342(a).

We therefore employ a two-part test to determine whether the trial court erred in granting Appellees' petition to stay the arbitration: we determine 1) whether a valid agreement to arbitrate exists and 2) whether the dispute is within the scope of that agreement to arbitrate. *Pittsburgh Logistics Systems, Inc. v. B. Keppel Trucking, LLC*, 153 A.3d 1091, 1093 (Pa. Super. 2017); *Ross Development Co. v. Advanced Building Development, Inc.*, 803 A.2d 194, 196-97, 199 (Pa. Super. 2002); *see also*

*Saltzman*, 166 A.3d at 472. Whether a written contract includes an arbitration agreement and whether the parties' dispute is within the scope of the arbitration agreement are questions of law subject to this Court's plenary review. *Estate of Atkinson*, 231 A.3d at 898; *Provenzano*, 121 A.3d at 1095.

Applying these standards, we conclude that Appellant's first issue is meritorious and that the trial court erred in staying the arbitration in its entirety. It is undisputed that both of the Partnership Agreements contain valid arbitration clauses. Trial Court Opinion at 5; MBC Properties, LP Partnership Agreement at 26 § 11.1; MBC Development, LP Partnership Agreement at 23 § 11.1; 2/28/20 SLC Report at 14 (stating that "[t]he parties do not dispute the validity of the relevant agreements containing the arbitration agreements"). The Appellees other than Cerullo and Kirwan are parties to one or both of the Partnership Agreements and the Partnerships, the LLCs and JLM are bound by the arbitration agreements in the partnership agreement or agreements to which they are parties. N.T. Oral Argument at 4; 2/28/20 SLC Report at 14. *See also* 15 Pa.C.S. § 8616(a), (b) (a limited partnership and all of its partners are bound by the limited partnership's partnership agreement regardless of whether they signed the partnership agreement).

In addition, it is clear that Appellant's derivative claims are within the scope of those arbitration agreements. The Partnership Agreements'

arbitration clauses each provide that "[a]ny dispute or controversy arising under or in connection with this Agreement shall be settled exclusively by arbitration." MBC Properties, LP Partnership Agreement at 26 § 11.1(A); MBC Development, LP Partnership Agreement at 23 § 11.1(A). The derivative claims that Appellant seeks to arbitrate are claims for breach of the general partner's fiduciary duty to the partnership. Arbitration Demand at 1-3, 5-7, 16-17, 20-21, 25, 28, 31-32, 35-42. Such claims are plainly disputes "arising under or in connection with" the Partnership Agreements, as the general partner's duties to the Partnerships arise under and are governed by the Partnership Agreements. MBC Properties, LP Partnership Agreement at 11-12 §4.4; MBC Development, LP Partnership Agreement at 10-11 §4.4.

The fact that these are derivative claims does not remove them from the scope of the Partnership Agreement's arbitration clauses. The comments to the Limited Partnership Act recognize that derivative actions may be subject to arbitration. 15 Pa.C.S. § 8615, comment to subsection (c)(17) (partnership agreement may require arbitration of derivative claims). Although there is no Pennsylvania precedent on this issue,[2] courts in other jurisdictions have held

_____

[2] Although **Gardner v. Vascular Access Centers, LLC**, 2113 EDA 2018 (Pa. Super. April 22, 2019) (unpublished memorandum), relied on by both the trial court and Appellees, involved refusal to compel arbitration of a derivative action, it does not address the arbitrability of derivative actions at all. Rather, the Court in **Gardner** held only that the derivative action there was not arbitrable because the claims that it asserted arose under a contract that did not contain an arbitration clause and not under the agreement that had
*(Footnote Continued Next Page)*

that derivative claims that assert rights within the scope of the parties' arbitration agreement are subject to arbitration. *See, e.g., Elf Atochem North America, Inc. v. Jaffari*, 727 A.2d 286, 293-96 (Del. 1999); *M.D. Building Material Co. v. 910 Construction Venture*, 579 N.E.2d 1059, 1063-64 (Ill. App. 1991); *Maresca v. La Certosa*, 569 N.Y.S.2d 111, 111-12 (N.Y. App. Div. 1991); *Sasaki v. McKinnon*, 707 N.E.2d 9, 12 (Ohio App. 1997), *app. dismissed*, 703 N.E.2d 321 (Ohio 1998). Indeed, both the trial court and the SLC concluded that the derivative claims that Appellant asserts in his arbitration demand are within the scope of the arbitration agreements. Trial Court Opinion at 12; 2/28/20 SLC Report at 14.

The trial court, however, held, and Appellees argue, that Appellant's arbitration demand falls outside the scope of the Partnership Agreement arbitration clauses because, in their view, the challenge to the SLC's determination is a distinct statutory cause of action under Section 8694 that does not arise from the Partnership Agreements. This premise is erroneous.

Sections 8692 and 8694 of the Limited Partnership Act do not set forth a cause of action that a partner in a limited partnership may assert; they set

---

the arbitration clause. Slip op. at 6-8. Moreover, as an unpublished decision of this Court prior to May 2, 2019, *Gardner* cannot be relied upon, even for its persuasive value. Pa.R.A.P. 126(b); 210 Pa. Code § 65.37(B). For that latter reason, we also do not rely on *Etzler v. Etzler*, 2288 EDA 2014 (Pa. Super. November 17, 2015) (unpublished memorandum), which did address this issue and held, as we do here, that derivative claims that assert rights governed by an agreement that contains an arbitration clause are subject to arbitration.

- 9 -

forth prerequisites to and limitations on a partner's assertion of derivative claims on behalf of the limited partnership. Section 8692 provides that

> **a partner may maintain a derivative action to enforce a right of a limited partnership only if**:
>
> (1) the partner first makes a demand on the general partners requesting that they cause the partnership to bring an action to enforce the right, and:
>
> (i) if a special litigation committee is not appointed under section 8694 (relating to special litigation committee), the partnership does not bring the action within a reasonable time; or
>
> (ii) if a special litigation committee is appointed under section 8694, a determination is made:
>
> (A) under section 8694(e)(1) that the partnership not object to the action; or
>
> (B) under section 8694(e)(5)(i) that the plaintiff continue the action;
>
> (2) demand is excused under subsection (b);
>
> (3) the action is maintained for the limited purpose of seeking court review under section 8694(f); or
>
> (4) the court has allowed the action to continue under the control of the plaintiff under section 8694(f)(3)(ii).

15 Pa.C.S. § 8692 (emphasis added). Section 8694 sets forth the procedures governing special litigation committees and the circumstances under which derivative claims may be litigated following a special litigation committee's determination. 15 Pa.C.S. §8694(a)-(f). Nothing in Section 8694 provides a cause of action that a partner may bring. Rather, what it provides is a method by which the limited partnership can make an independent decision whether

to pursue litigation against a controlling party. 15 Pa.C.S. §8694(a)-(e). Subsection 8684(f), on which the trial court and Appellees rely, sets forth when that independent decision bars a derivative claim and when the derivative claim may proceed. 15 Pa.C.S. §8694(f).

Whether a prerequisite or limitation bars a claim that is within the scope of a valid arbitration agreement is a question that must be resolved by the arbitrator, not an additional requirement for arbitration that a court may be determine before allowing arbitration to proceed. *TTSP Corp. v. Rose Corp.*, 217 A.3d 1269, 1281-82 (Pa. Super. 2019); *Theodore C. Willis Co. v. School District of Boyertown Area*, 837 A.2d 1186, 1189 (Pa. Super. 2003); *Ross Development Co.*, 803 A.2d at 196-99.

> [T]he determination of whether [a] matter is subject to arbitration is within the jurisdiction of the trial court. However, not all questions are to be resolved by the trial court. In a proceeding to stay or to compel arbitration, the question of whether the parties agreed to arbitrate, commonly referred to as "substantive arbitrability," is generally one for the courts and not for the arbitrators. On the other hand, resolution of procedural questions, including whether the invocation of arbitration was proper or timely is left to the arbitrator. … **[I]f it appears that a dispute relates to a contract's subject matter and the parties agreed to arbitrate, all issues of interpretation and procedure, including requirements preliminary to the presentation of any claims, are for the arbitrators to resolve.**

*Ross Development Co.*, 803 A.2d at 196, 198 (citations omitted) (emphasis added). The merits of defenses that do not involve the existence or scope of the arbitration agreement must be determined by the arbitrator, not the court. *Andrew v. CUNA Brokerage Services, Inc.*, 976 A.2d 496, 502 (Pa. Super.

2009); ***Highmark Inc. v. Hospital Service Association of Northeastern Pennsylvania***, 785 A.2d 93, 100-02 (Pa. Super. 2001). The fact that a defense or restriction on the arbitrable claim is statutory, rather than based on the language of the parties' agreement, does not change the fact that it must be determined by the arbitrator and not by the court. ***Andrew***, 976 A.2d at 502 (whether claim is barred by statute of limitations is for arbitrator to decide); ***Woodward Heating & Air Conditioning Co. v. American Arbitration Association***, 393 A.2d 917, 920 n.4 (Pa. Super. 1978) (same).

The trial court also held and Appellees argue that the references in the Limited Partnership Act to "court review," filing with "the court," and "the court" making a determination concerning the special legal committee and its investigation, 15 Pa.C.S. § 8692(a)(3), (4); 15 Pa.C.S. § 8694(f), require that a court of common pleas, rather than an arbitrator, make the determination that the derivative action may proceed. This reasoning likewise is legally invalid.

Reference to a court as an adjudicator in a statute that applies to the plaintiff's claim does not require that only a court can make such an adjudication or prohibit arbitration of the claim or issue. ***Saltzman***, 166 A.3d at 474 (reference to "court" in Whistleblower Law did not exclude Whistleblower claims from arbitration); ***Provenzano***, 121 A.3d at 1099-1103 (fact that Wage Payment and Collection Law (WPCL) provided that actions "may be maintained in any court of competent jurisdiction" and that "[t]he

court" shall award certain relief did not preclude arbitration of WPCL claim that was within scope of arbitration agreement). Here, Sections 8692 and 8694 do not state that courts have exclusive jurisdiction over proceedings concerning the effect of a special litigation committee determination on a derivative claim. Rather, they simply refer to "the court" as the adjudicator of the effect of a special litigation committee determination where the action is brought in a court and refer to "court review" without any suggestion of intent to bar other adjudicators from addressing the issue.

Moreover, no other provisions of the Limited Partnership Act suggest that its references to a court as an adjudicator are intended to limit jurisdiction to courts or bar arbitrators from deciding such matters. Although the term "court" is defined as "the court of common pleas of the judicial district embracing the county where the registered office of the [entity] is or is to be located," 15 Pa.C.S. § 102, comments to the Limited Partnership Act make clear that this definition and the references that the Limited Partnership Act makes to a "court" do not bar arbitrators from deciding issues where the partnership agreement provides for arbitration. 15 Pa.C.S. § 8681, comment to subsection (a)(6) (although subsection refers to an order of "the court" dissolving the partnership, such dissolution may be by an arbitrator if the partnership agreement provides for binding arbitration); 15 Pa.C.S. § 8615, comment to subsection (c)(15) (same).

Because there was a valid arbitration agreement binding on Appellant, the Partnerships, the LLCs, and JLM, Appellant's derivative claims were within the scope of that arbitration agreement, and the determination required by Section 8694 of the Limitation Partnership Act is a prerequisite and defense to those claims, rather than a cause of action, the determination whether Section 8694 permits Appellant to litigate his derivative claims is matter for the arbitrator to determine, not ground for denying or staying arbitration. **TTSP Corp.**, 217 A.3d at 1281-82; **Theodore C. Willis Co.**, 837 A.2d at 1189; **Ross Development Co.**, 803 A.2d at 196-99; **Highmark Inc.**, 785 A.2d at 100-02.  The trial court therefore erred in granting the petition of the Partnerships, the LLCs, and JLM to stay the arbitration of Appellant's derivative claims.

The trial court, however, did not err in granting a stay of arbitration as to appellees Cerullo and Kirwan.  Cerullo and Kirwan were not parties to either of the partnership agreements that provided for arbitration.  Generally, only parties to an arbitration agreement can be compelled to arbitrate a dispute. **Humphrey v. GlaxoSmithKline PLC**, 263 A.3d 8, 14 (Pa. Super. 2021); **Civan v. Windermere Farms, Inc.**, 180 A.3d 489, 494-95 (Pa. Super. 2018); **Elwyn v. DeLuca**, 48 A.3d 457, 461 (Pa. Super. 2012).  While third-party beneficiaries of a contract that contains an arbitration agreement may be subject to arbitration of their claims under that contract, **Civan**, 180 A.3d at 494; **Highmark Inc.**, 785 A.2d at 99, Cerullo and Kirwan are not third-

- 14 -

party beneficiaries of the Partnership Agreements and assert no rights under those agreements.

Appellant argues that Cerullo and Kirwan are bound by the Partnership Agreements' arbitration clauses because they were appointed agents of the Partnerships. This argument fails for two reasons. First, mere status as agent of an entity that is bound by an arbitration agreement is insufficient to compel a person to arbitrate over his objection. ***Humphrey***, 263 A.3d at 15-18. Second, Cerullo and Kirwan's acts on behalf of the Partnerships were not under the Partnership Agreements and did not involve any duties or obligations governed by the Partnership Agreements. Any claim against them therefore is not within the scope of the arbitration agreements because it is not a "dispute or controversy arising under or in connection with [the Partnership Agreements]." MBC Properties, LP Partnership Agreement at 26 § 11.1(A); MBC Development, LP Partnership Agreement at 23 § 11.1(A).

For the foregoing reasons, we conclude that the trial court erred in holding that Appellant's claims against the Partnerships, the LLCs, and JLM are not subject to arbitration, but that it correctly ruled that Cerullo and Kirwan could not be compelled to arbitrate. Accordingly, we vacate its order insofar as it permanently stayed Appellant's arbitration in its entirety and affirm its order only insofar as it stayed arbitration of claims against Cerullo and Kirwan.

Order vacated in part and affirmed in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2022