Elif CALLAN, Appellee,

v.

OXFORD LAND DEVELOPMENT, INC., Appellant.

Superior Court of Pennsylvania.

Argued March 24, 2004.

Filed Sept. 10, 2004.

Steven H. Lupin, Lansdale, for appellant.

Janet E. Amacher, Norristown, for appellee.

Before: STEVENS, MONTEMURO,* and KELLY, JJ.

OPINION BY KELLY, J.:

¶ 1 Appellant, Oxford Land Development, Inc. ("Seller"), asks us to review the order entered in the Montgomery County Court of Common Pleas, which overruled its preliminary objections to the amended complaint filed by Appellee, Elif Callan ("Buyer"). Seller asks us to determine whether the parties' dispute should have been submitted to arbitration pursuant to the arbitration agreement in the parties' agreement of sale. We hold buyer's tort claims were subsumed in the arbitration agreement; thus the trial court erred by denying Seller's preliminary objections and failing to compel arbitration. Accordingly, we reverse and remand.

¶ 2 This dispute arises from a tort claim by Buyer alleging Seller trespassed onto her property to remove trees, removed the trees, and caused Buyer inconvenience and discomfort. Buyer's complaint seeks damages and an injunction enjoining Seller

* Retired Justice assigned to the Superior Court.

from entering her property. The relevant facts and procedural history of this case have been fully and correctly set forth in the trial court opinion as follows:

[Buyer] commenced this action by a complaint filed on October 8, 2003. [Buyer] alleged that [Buyer] and [Seller] had entered into an Agreement of Sale on January 21, 2000, for a house located at 1016 Springhouse Drive, Horsham, PA. [Seller] constructed a residence and [Buyer] took possession by deed dated June 29, 2000. [Buyer] alleged that in July 2002, [Buyer] observed employees of [Seller] trespassing on the rear portion of her property and making marks upon [Buyer's] trees for removal. [Buyer] alleged that she ordered [Seller's] employees off her property, but that they returned again two more times and on the third occasion, [Buyer] called the police. [Buyer] alleged that on October 29, 2002, [Buyer] went on a two-week vacation and when she returned, found that [Seller] had removed the trees on her property, completed construction of a roadway adjacent to her property and graded the roadway into and over [Buyer's] property line.

[Seller] filed Preliminary Objections and [Buyer] then filed an Amended Complaint on November 29, 2002. [Seller] filed Preliminary Objections to [Buyer's] Amended Complaint on December 10, 2002, alleging the pendency of a prior agreement for alternate dispute resolution and requesting that this court dismiss [Buyer's] Amended Complaint with prejudice and direct [Buyer] to submit all claims to arbitration in accordance with the Agreement of Sale between the parties.

After oral argument, [the trial] court found that the claims set forth in [Buy-

er's] Amended Complaint did not arise out of the Agreement of Sale and therefore, are not within the scope of the arbitration provision in the Agreement of Sale. [Seller] now appeals [the trial] court's Order dated September 15, 2003, which overruled [Seller's] Preliminary Objections.

(Trial Court Opinion, dated November 13, 2003, at 1–2). To this rendition we add the following. Paragraph 38 of the agreement of sale provides:

> All claims, disputes and other matters in question both before and after settlement arising out of or relating to this Agreement of Sale on the house being purchased shall be decided by arbitration.

(*Agreement of Sale*, dated January 21, 2000, at ¶ 38; R.R. at 20a).

¶ 3 Paragraph 19 of the agreement provides:

> Buyer acknowledges that Buyer has reviewed the final subdivision plan as approved by the township. Seller reserves the right to make adjustments and modifications to accommodate site conditions or at the request of governmental/authorities.

(*Id.* at ¶ 19; R.R. at 17a).

¶ 4 Paragraph 18 of the agreement provides in pertinent part:

> Vegetation existing prior to construction/wooded areas: Seller will attempt to preserve as many of the existing trees or shrubs as reasonably possible during the construction of the improvement and house on the premises. It is expressly agreed, however, that Seller does not guarantee or warrant the survival of any trees or shrubs existing on the premises prior to the said construction. The Sell-

er shall be responsible to grade and seed the disturbed areas only.

(*Id.* at ¶ 18; R.R. at 17a).

¶ 5 Seller raises the following issue for our review:

> WHETHER THE TRIAL COURT ERRED IN OVERRULING [SELLER'S] PRELIMINARY OBJECTIONS, IN FINDING THAT THE DISPUTE WAS NOT ENCOMPASSED IN THE ARBITRATION PROVISION OF THE AGREEMENT OF SALE BETWEEN THE PARTIES, AND IN FAILING TO TRANSFER THIS MATTER TO ARBITRATION[?]

(Seller's Brief at 4).

¶ 6 As a prefatory matter, we must determine whether this appeal is properly before our Court for review. As a general rule, an order denying a party's preliminary objections is interlocutory and, thus, not appealable as of right. *Shadduck v. Christopher J. Kaclik, Inc.,* 713 A.2d 635, 636 (Pa.Super.1998). There is, however, a narrow exception to this rule for cases in which the appeal is taken from an order denying a petition to compel arbitration. *Id.* *See also* Pa.R.A.P. 311(a)(8); 42 Pa.C.S.A. § 7320(a). Thus, we will review the merits of the trial court's order denying Appellant's preliminary objections in the nature of a petition to compel arbitration.

¶ 7 Seller argues the arbitration clause contained in the agreement of sale is unlimited. Seller contends the arbitration provision covers all claims and disputes including tort claims which arise from the agreement of sale. Seller asserts its actions were specifically provided for in paragraphs 18 and 19 of the agreement, which provide for adjustments, modifications, and improvements to the site. Seller believes the unlimited arbitration clause applies to disputes arising both before and after settlement. Seller concludes the tri-

al court erred by overruling its preliminary objections and failing to compel arbitration. We agree.

¶ 8 Our standard of review for a denial of preliminary objections in the nature of a petition to compel arbitration is limited to determining whether the trial court's findings are supported by substantial evidence and whether the trial court abused its discretion in denying the petition. *Pittsburgh Logistics Systems, Inc. v. Professional Transportation and Logistics, Inc.,* 803 A.2d 776, 779 (Pa.Super.2002). Where a party to a civil action seeks to compel arbitration, a two-part test is employed. *Id.* First, the trial court must establish if a valid agreement to arbitrate exists between the parties. *Id.* Second, if the trial court determines such an agreement exists, it must then ascertain if the dispute involved is within the scope of the arbitration provision. *Id.* If a valid arbitration agreement exists between the parties, and the plaintiff's claim is within the scope of the agreement, the controversy must be submitted to arbitration. *Highmark Inc. v. Hospital Service Ass'n. of Northeastern Pennsylvania,* 785 A.2d 93, 98 (Pa.Super.2001), *appeal denied,* 568 Pa. 720, 797 A.2d 914 (2002).

¶ 9 This Court has explained the interpretation of arbitration agreements as follows:

> (1) arbitration agreements are to be strictly construed and not extended by implication; and (2) when parties have agreed to arbitrate in a clear and unmistakable manner, every reasonable effort should be made to favor the agreement unless it may be said with positive assurance that the arbitration clause involved is not susceptible to an interpretation that covers the asserted dispute.

*Id.* at 98. "To resolve this tension, courts should apply the rules of contractual constructions, adopting an interpretation that gives paramount importance to the intent of the parties and ascribes the most reasonable, probable, and natural conduct to the parties." *Id.* In interpreting a contract, the ultimate goal is to ascertain and give effect to the intent of the parties as reasonably manifested by the language of their written agreement. *Id.*

¶ 10 Where a contract dispute arises between parties to a contract containing an unlimited arbitration clause, the parties must resolve their dispute through arbitration. *See Pittsburgh Logistics, supra.* Unless the parties impose some limitation on the arbitrator's authority, the arbitrator may decide all matters necessary to dispose of any disputed claims subject to arbitration and, the court may not impose any restrictions *sua sponte. Theodore C. Wills Co., Inc. v. School District of the Boyertown Area,* 837 A.2d 1186, 1189 (Pa.Super.2003). Accordingly, "all" contract disputes does mean "all" contract disputes unless otherwise agreed by the parties. *Id.* at 1190.

¶ 11 An agreement to arbitrate disputes arising from a contract encompasses tort claims where the facts which support a tort action also support a breach of contract action. *Id.; see Shadduck, supra* at 638–39. A claim's substance, not its styling, controls whether the complaining party must proceed to arbitration or may file in the court of common pleas. *Id.*

¶ 12 Additionally, our Supreme Court has defined improvements to realty as:

> [a] valuable addition made to property (usually real estate) or an amelioration in its condition, amounting to more than mere repairs or replacement, costing labor or capital, and intended to enhance its value, beauty or utility or to adapt it for new or further purposes. . . .

*McCormick v. Columbus Conveyer Co.,* 522 Pa. 520, 524, 564 A.2d 907, 909 (1989). When there is no question the parties did agree to arbitrate, whether these questions of performance were properly and/or timely brought before the arbitrator is for the arbitrator to decide. *Theodore Wills, supra* (holding counterclaim brought nearly ten years after parties formed contract was arbitrative).

¶ 13 Instantly, there is no dispute over the existence or validity of the agreement to arbitrate, and thus we address whether the claims are within the scope of the arbitration agreement. Paragraph 18 of the agreement of sale specifically acknowledges Seller does not warrant the survival of trees on the property during construction of improvements on the property. Paragraph 19 reveals Buyer signed the final subdivision plan as approved by the Township, which indicated a feeder road would be installed adjacent to her property. Installment of the feeder road is an improvement on the premises. *See McCormick, supra.* Our review of the record reflects Buyer's tort claims arise from the contract for sale and are therefore subject to the arbitration agreement. *Id.*

¶ 14 Additionally, the parties did not place any limitation of time in the arbitration clause, but rather provided for all claims, disputes, and other matters **before and after** settlement to be decided by arbitration. (*See Agreement of Sale, supra* at ¶ 38). Whether Seller timely brought the dispute before the arbitrator is for the arbitrator, not the trial court, to decide. *See Theodore Wills, supra.* The trial court may not *sua sponte* impose a two-year time limitation on arbitrating claims related to the contract. *Id.*

¶ 15 Given the sales agreement's expansive terms, we hold Buyer's specific tort claims were covered by the arbitration

agreement. Thus, we determine the trial court erred in denying Seller's preliminary objections in the nature of a petition to compel arbitration. *See Pittsburgh Logistics Systems, Inc., supra.* Accordingly, we reverse the trial court's order refusing to compel arbitration and direct the trial court to compel arbitration regarding this dispute.

¶ 16 Order reversed; case remanded for further proceedings. Jurisdiction is relinquished.