**Hankin v. Graphic Technology Inc.**

*John Fiorillo,* for plaintiff.
*Daniel R. Utain* and *David L. Black,* for defendant.

CARPENTER, *J.,* September 9, 2009—

FACTUAL AND PROCEDURAL HISTORY

Appellant/defendant, Graphic Technology Inc. (GTI), filed a motion to compel arbitration. Oral argument was conducted on June 24, 2009, and after careful consideration of the motion, the response thereto and arguments

of both parties we denied the motion on June 30, 2009.[1]

On December 13, 2006 appellee/plaintiff, Mark Hankin, commenced the underlying action by filing a confession of judgment against GTI in the amount of $184,433.88 for GTI's alleged breach of a commercial lease agreement. The lease agreement, dated August 20, 1998, was amended by "addendum no. 1" dated November 9, 2001 and "addendum no. 2" dated May 28, 2002.

The lease agreement contains the following arbitration provision, which reads in relevant part:

"(38) Miscellaneous.

"(A) Lessor and lessee agree, at the request of either party, that any controversy or claim arising out of or relating to this agreement, or the breach thereof, *may* be submitted to final and binding arbitration by the American Arbitration Association, as modified herein, and judgment upon the award rendered by the arbitrator shall be entered in any court having jurisdiction thereof. The following standards shall supplement the regulations of the American Arbitration Association and shall control in the event of conflict:

"(i) The aggrieved party shall request arbitration after the dispute arises and promptly serve notice of submission to the other party;

"(a) The above notwithstanding, the lessee shall be required to request such arbitration no later than 30 days

---

1. Neither party submitted briefs in support of their respective positions.

after the dispute arises and failure by lessee to make such timely request shall be deemed to be a waiver of lessee's rights, hereunder and full award shall be granted to lessor.

"(ii) Within 20 days of submission, each party shall submit a proposed award to the American Arbitration Association . . . ." See complaint, exhibit "A," lease, paragraph 38. (emphasis added)

## ISSUES

I. *Whether this court properly denied GTI's motion to compel arbitration.*

II. *Whether this court did not determine that the issue in dispute is not within the scope of the arbitration provision.*

III. *Whether this court is not bound by the order entered against GTI's assignee in* Hankin v. Vestcom International Inc., *C.C.P. Montgomery County, Pennsylvania, no. 2006-30536.*

## DISCUSSION

### I. *This Court Properly Denied GTI's Motion To Compel Arbitration*

First, GTI claims that this court erred as a matter of law or abused its discretion by refusing to enforce the arbitration provision set forth in the lease agreement.

The standard of review of a denial of a petition to compel arbitration "is limited to determining whether the trial court's findings are supported by substantial evidence and whether the trial court abused its discretion in denying the petition." *Midomo Co. Inc. v. Presbyte-*

*rian Housing Development Co.,* 739 A.2d 180, 186 (Pa. Super. 1999).

This judge acknowledges that Pennsylvania courts strongly favor the resolution of legal disputes by arbitration. *Ross Development Co. v. Advanced Building Development Inc.,* 803 A.2d 194, 196 (Pa. Super. 2002). Where a party to a civil action seeks to compel arbitration, judicial inquiry is limited to the questions of (1) whether an agreement to arbitrate was entered into by the parties and (2) if such an agreement exists, whether the dispute falls within the scope of the arbitration provision. *Callan v. Oxford Land Development Inc.,* 858 A.2d 1229, 1233 (Pa. Super. 2004). If a valid agreement exists between the parties and the plaintiff's claim is within the scope of the agreement, the controversy must be submitted to arbitration. *Highmark Inc. v. Hospital Service Association of Northeastern Pennsylvania,* 785 A.2d 93, 98 (Pa. Super. 2001).

Our Superior Court has explained the interpretation of arbitration agreements as follows:

"(1) arbitration agreements are to be strictly construed and not extended by implication; and (2) when parties have agreed to arbitrate in a clear and unmistakable manner, every reasonable effort should be made to favor the agreement unless it may be said with positive assurance that the arbitration clause involved is not susceptible to an interpretation that covers the asserted dispute." *Callan,* 858 A.2d at 1233 (quoting *Highmark,* 785 A.2d at 98).

In interpreting an agreement to arbitrate, courts should apply the rules of contractual construction, adopting an interpretation that gives paramount importance to the

intent of the parties and ascribes the most reasonable, probable and natural conduct to the parties. *Callan, supra.* In interpreting a contract, the ultimate goal is to ascertain and give effect to the intent of the parties as reasonably manifested by the language of their written agreement. *Id.*

In this case, the agreement to arbitrate is voluntary and not mandatory as evidenced by the use of the term "may" rather than "shall." Specifically the language in paragraph 38 of the lease agreement states that "lessor and lessee agree, at the request of either party, that any controversy or claim arising out of or relating to this agreement, or the breach thereof, *may* be submitted to final and binding arbitration by the American Arbitration Association . . . ." See complaint, exhibit "A," lease, paragraph 38. (emphasis added) Strictly construing the arbitration provision, the parties did not clearly and unmistakably agree to arbitrate this matter. Rather, the language demonstrates that the decision to arbitrate is voluntary and not mandatory.

Additionally, in order to invoke the voluntary arbitration provision, GTI should have complied with the prerequisites set forth in subsections (i) and (ii). However, GTI clearly did not. Under paragraph 38, GTI was required to:

"(i) The aggrieved party shall request arbitration after the dispute arises and promptly serve notice of submission to the other party;

"(a) The above notwithstanding, the lessee shall be required to request such arbitration no later than 30 days after the dispute arises and failure by lessee to make such timely request shall be deemed to be a waiver of lessee's

rights, hereunder and full award shall be granted to lessor.

"(ii) Within 20 days of submission, each party shall submit a proposed award to the American Arbitration Association . . . ." See complaint, exhibit "A," lease, paragraph 38(i)-(ii).

Accordingly, GTI should have requested arbitration no later than 30 days after the dispute arose, and promptly served notice of submission upon Hankin. Here, GTI never made a submission to the American Arbitration Association, and therefore never served notice of submission upon Hankin. At most, GTI expressed an interest in arbitration by way of a letter dated January 18, 2007. See motion to compel arbitration, exhibit "1," letter from Danial Utain, Esquire to John Fiorillo, Esquire dated January 18, 2007. Additionally, GTI failed to fulfill the requirement set forth in subsection (ii) which required GTI to submit a proposed award to the American Arbitration Association. Finally, GTI did not file this motion to compel arbitration until March 24, 2008, more than two years after it had notice of the confessed judgment and after a considerable amount of litigation had already taken place in two states.[2]

## II. *This Court Did Not Determine That the Issue in Dispute Is Not Within the Scope of the Arbitraltion Provision*

Next, GTI contends that this court erred as a matter of law or abused its discretion in determining that the dis-

---

2. This action has a rather lengthy and involved factual and procedural history which has not been set forth in this opinion. However, it is of note that the litigation in this case spans courts in two states, this court and the District Court of Johnson County, Kansas.

pute at issue is not within the scope of the arbitration provision. Because we determined that arbitration was voluntary and the requirements to invoke the arbitration provision were unfulfilled, we did not reach the question as to whether the dispute fell within the scope of the arbitration provision.

### III. *This Court Is Not Bound by the Order Entered Against GTI's Assignee in* Hankin v. Vestcom International Inc., *C.C.P. Montgomery County, Pennsylvania, No. 2006-30536*

Finally, GTI argues that this court erred as a matter of law or abused its discretion in failing to enter an order consistent with the final order entered in the companion case against GTI's assignee, *Hankin v. Vestcom International Inc.,* C.C.P. Montgomery County, Pennsylvania, no. 2006-30536, wherein a court of coordinate jurisdiction determined that the underlying dispute was within the scope of the arbitration provision, and, as a matter of law, should be dismissed in favor of arbitration. We disagree.

Generally, the coordinate jurisdiction rule commands that upon transfer of a matter between trial judges of coordinate jurisdiction, a transferee trial judge may not alter resolution of a legal question previously decided by a transferor trial judge. *Zane v. Friends Hospital,* 575 Pa. 236, 243, 836 A.2d 25, 29 (2003). Judges of coordinate jurisdiction should not overrule each other's decisions. *Id.*

In this case, the coordinate jurisdiction rule does not apply; therefore, the rule does not bar this judge from entering an order denying GTI's motion to compel arbi-

tration, despite what another judge of this court determined in the separate and distinct case of *Hankin v. Vestcom International Inc.,* C.C.P. Montgomery County, Pennsylvania, no. 2006-30536. Although *Hankin v. Vestcom International Inc.* involves the same plaintiff, Hankin, it involves a different defendant, Vestcom International Inc., and not GTI. Each case involves different issues to be resolved on their own merits.

## CONCLUSION

Based on the forgoing analysis, our June 30, 2009 order denying GTI's motion to compel arbitration should be affirmed.

---

## APPELLANT'S CONCISE STATEMENT OF MATTERS COMPLAINED OF ON APPEAL PURSUANT TO PA. R.A.P. 1925(b)

Pursuant to order of this court dated July 28, 2009, and pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), appellant, Graphic Technology Inc. (GTI), provides the following concise statement of matters complained of with regard to the matter appealed to the Superior Court of Pennsylvania:

(1) Whether the court erred as a matter of law or abused its discretion by refusing to enforce the arbitration provision set forth in the "lease agreement" requiring "[a]ny controversy or claim arising out of or relating to this agreement, or the breach thereof may be submitted to final and binding arbitration by the American Arbitration Association [.]" See 42 Pa.C.S. §7304(a); see also, *Bor-*

*ough of Ambridge Water Authority v. Columbia,* 458 Pa. 546, 551-52, 328 A.2d 498, 501 (1974).

(2) Whether the court erred as a matter of law or abused its discretion in determining that the dispute at issue is not within the scope of the arbitration provision.

(3) Whether the court erred as a matter of law or abused its discretion in failing to enter an order consistent with the final order entered in the companion case against GTI's assignee, *Hankin v. Vestcom International Inc.,* C.C.P. Montgomery County, Pennsylvania, no. 06-30536, wherein a court of coordinate jurisdiction determined that the underlying dispute was within the scope of the arbitration provision, and, as a matter of law, should be dismissed in favor of arbitration. See *Parker v. Freilich,* 803 A.2d 738 (Pa. Super. 2002) (pursuant to the doctrine of coordinate jurisdiction, a judge should not "alter the resolution of a legal question previously decided" by another judge.).

Wherefore, appellant respectfully requests that this court issue an opinion addressing the issues raised herein for the purposes of facilitating appellate review.