J-A23010-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

RAY DAMI AND RAD MANAGEMENT : IN THE SUPERIOR COURT OF
ASSOCIATES, INC., : PENNSYLVANIA
:
        Appellees :
:
           v. :
:
LANE M. TURTURICE, TERRY L. FAUST :
AND JEFFREY D. BULL, :
:
        Appellants : No. 602 WDA 2013

Appeal from the Order entered March 19, 2013,
Court of Common Pleas, Washington County,
Civil Division at No. 2012-5004

BEFORE:  DONOHUE, ALLEN and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.: **FILED SEPTEMBER 18, 2014**

Appellants, Lane M. Turturice ("Turturice"), Terry L. Faust ("Faust"), and Jeffrey D. Bull ("Bull") (collectively, the "Appellants"), appeal from the trial court's order dated March 19, 2013, denying their Preliminary Objections to the Amended Complaint of Appellees Ray Dami ("Dami") and RAD Management Associates, Inc. ("RAD") (collectively, "Appellees").  For the reasons that follow, we reverse the trial court's order and remand with instructions.

RAD, a company owned and operated by Dami, had a contract with the Washington East Washington Joint Sewer Authority ("WEWJA") to provide professional management services to operate the municipal sewer authority (hereinafter, the "Agreement").  In March 2011, WEWJA terminated the

Agreement. At the time of termination, Faust and Bull were members of WEWJA's Board of Directors and Turturice was the Board's Solicitor.

Through the arbitration clause in the Agreement, RAD contested the termination. A three-member arbitration panel heard the claims of RAD and the cross claims of WEWJA, and on March 28, 2012 entered an arbitration award in favor of WEWJA. The trial court subsequently dismissed a petition filed by RAD to vacate the arbitration award.

Dami and RAD then filed the instant lawsuit, in which they set forth claims of defamation and false light invasion of privacy against Turturice and claims of conspiracy and tortious interference with contractual relationships against all of the Appellants. The Appellants filed Preliminary Objections in which they, *inter alia*, sought dismissal of the Complaint on the grounds that the trial court lacked subject matter jurisdiction and that the matter should instead be referred to arbitration pursuant to the arbitration provision in the Agreement. In response, Dami and RAD filed an Amended Complaint, adding additional allegations to establish that in connection with the termination of the Agreement, the Appellants acted outside the scope of their official capacities as Solicitor and Board Members – including that the three conspired to have Turturice present to the WEWJA Board a false and misleading investigative report regarding RAD to serve as the basis for the Board's termination of the Agreement.

The Appellants filed Preliminary Objections to the Amended Complaint, again asserting that the disputes must be referred to arbitration pursuant to the terms of the Agreement. The Appellants denied that Dami and RAD acted outside of their official capacities, attaching to the Preliminary Objections as exhibits a substantial quantum of supporting evidence, including deposition transcripts, answers to interrogatories, Board minutes, and other documentary evidence. Dami and RAD then filed Preliminary Objections to Appellants' Preliminary Objections, and a Brief in Support of Preliminary Objections and in Opposition to [Appellants'] Preliminary Objections. Dami and RAD attached to their brief evidence in support of the allegations in the Amended Complaint, including deposition transcripts and exhibits. Finally, in a Brief in Opposition to [Appellees'] Preliminary Objections to Preliminary Objections, the Appellants attached additional exhibits, including minutes of meetings of the Washington City Council.

After oral argument, by order dated March 19, 2013, the trial court overruled the Appellants' Preliminary Objections as "premature." In its order, the trial court concluded that "although [Appellants] have raised numerous potentially dispositive objections, these matters are most properly raised in a Motion for Summary Judgment after the parties have thoroughly ventilated [Appellees'] allegations in Discovery."[1] Trial Court Order,

---

[1] In their appellate brief, the Appellees now contend that the trial court **decided** the disputed issues of fact in their favor based "on a sufficient

3/19/2013, at ¶ 2. In its subsequent written opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Practice, the trial court held that while it was "skeptical of the bald assertions of the [Appellees] that the [Appellants] were acting outside their authority," its hands were tied because "[w]hen deciding preliminary objections, the trial court must consider as true all [well] pleaded facts set forth in the complaint and all reasonable inferences that can be drawn therefrom." Trial Court Opinion, 2/10/2014, at 3. The trial court indicated that it had considered the exhibits attached to the Appellants' Preliminary Objections, but the Appellees "asserted that they needed discovery involving many of the issues." *Id.* at 6. As a result, the trial court "found the allegations were sufficient to proceed and declined to dismiss the claims at the preliminary objections stage." *Id.* at 3.

This timely appeal followed, in which the Appellants raise four issues for our consideration and determination:

> 1. Whether the trial court erred in finding that Appellants' preliminary objections in the nature of a petition to compel arbitration and lack of subject matter jurisdiction were premature and deferring to a motion for summary judgment, where the

---

record of evidence." Appellees' Brief at 13 ("The Trial Court based its finding that Defendants were acting outside the scope of their authority as agents of WEWJA with regard to their actions at issue in this suit, on a sufficient record of evidence, which included Defendants' own sworn testimony."). We find *no* basis whatsoever for such an assertion, either in the trial court's March 19, 2013 order or its February 10, 2014 written opinion in support of its order. The trial court repeatedly *declined* to decide these issues of fact.

arbitrability of a dispute is required to be determined at the outset of litigation with the trial court developing the appropriate factual record on the issue, if necessary.

2. Whether the trial court erred in failing to find that a valid agreement to arbitrate existed between the parties, where all parties to this lawsuit are either signatories to the [Agreement] or constitute agents and representatives of the signatories, and where Appellees failed to either plead or prove that Appellants were acting 'outside' their capacities as agents and representatives of the signatories.

3. Whether the trial court erred in failing to compel arbitration on an alternative basis, *i.e.*, whether the doctrine of equitable estoppel precludes Appellees from resisting arbitration where there is an obvious and close nexus between the non-signatories and the contract, as well as an obvious and close nexus between the non-signatories and the contracting parties.

4. Whether arbitration should be compelled where Appellees' claims fall within the scope of a valid and enforceable arbitration clause which broadly requires arbitration as to 'any matter in connection' with the subject [Agreement].

Appellants' Brief at 4-5.

An agreement containing an arbitration clause as a form of alternative dispute resolution is properly raised in preliminary objections, Pa.R.C.P. 1028(a)(6), and the denial of preliminary objections seeking to compel arbitration is appealable as an interlocutory appeal as of right. 42 Pa.C.S.A. § 7320(a)(1); Pa.R.A.P. 311(a)(9); **Gaffer Ins. Co., Ltd. v. Discover Reinsurance Co.**, 936 A.2d 1109, 1110 (Pa. Super. 2007). "Our review of

a claim that the trial court improperly denied [the] appellant's preliminary objections in the nature of a petition to compel arbitration is limited to determining whether the trial court's findings are supported by substantial evidence and whether the trial court abused its discretion in denying the petition." ***Midomo Co., Inc. v. Presbyterian Housing Development Co.***, 739 A.2d 180, 186 (Pa. Super. 1999); ***see also Gaffer***, 936 A.2d at 1112.

When deciding whether a trial court should have compelled arbitration, we employ a two-part test:  (1) does a valid agreement to arbitrate exist, and (2) is the dispute within the scope of the agreement.  ***Smay v. E.R. Stuebner, Inc.***, 864 A.2d 1266, 1270 (Pa. Super. 2004); ***Callan v. Oxford Land Development, Inc.***, 858 A.2d 1229, 1233 (Pa. Super. 2004).  If a valid arbitration agreement exists between the parties and the plaintiff's claim is within the scope of the agreement, the controversy must be submitted to arbitration.  ***Highmark Inc. v. Hospital Service Ass'n. of Northeastern Pennsylvania***, 785 A.2d 93, 98 (Pa. Super. 2001), *appeal denied*, 797 A.2d 914 (Pa. 2002).  Public policy strongly favors the enforcement of arbitration provisions to settle disputes quickly, fairly, and economically.  ***Smay***, 864 A.2d at 1272.

For their first issue on appeal, Appellants contend that the trial court erred in declining to decide the issue of arbitrability at the preliminary objections stage of the proceedings.  We agree.  Rule 1028(c)(2) of the Pennsylvania Rules of Civil Procedure states as follows:

> (c)(2) The court shall determine promptly all preliminary objections. If an issue of fact is raised, the court shall consider evidence by depositions or otherwise.

Pa.R.C.P. 1028(c)(2). Where preliminary objections raise one or more issues of contested fact, this Court and our Supreme Court have instructed that "the trial court must 'resolve the dispute by receiving evidence thereon through interrogatories, depositions or an evidentiary hearing.'"[2] ***Slota v. Moorings, Ltd.***, 494 A.2d 1, 2-3 (Pa. Super. 1985) (citing ***Holt Hauling and Warehousing Systems, Inc. v. Aronow Roofing Co.***, 454 A.2d 1131, 1133 (Pa. Super. 1983) and ***Luitweiler v. Northchester Corp.***, 319 A.2d 899, 902 (Pa. 1974)).

In ***Schmitt v. Seaspray-Sharkline, Inc.***, 531 A.2d 801 (Pa. Super. 1987), this Court amplified on the burdens of production and proof in this circumstance:

> Appellee properly contested jurisdiction by filing preliminary objections. The moving party has the

---

[2] Local Rule L-1028(c) of the Washington County Local Rules of Civil Procedure provides in pertinent part:

> Where Preliminary Objections contain grounds raising issues of fact, said objections shall be endorsed with a Notice to Plead and the Court will schedule deposition of said objections with due consideration for the time required by the parties to obtain evidence required for consideration of said objection. All evidence that the parties wish the Court to consider shall be filed with the party's Brief.

Washington County Rules of Civil Procedure L-1029(c).

burden of supporting its objections to the court's jurisdiction. Once the plaintiff has produced some evidence to support jurisdiction, the defendant must come forward with some evidence of his own to dispel or rebut the plaintiff's evidence. The moving party may not sit back and, by the bare allegations as set forth in the preliminary objections, place the burden upon the plaintiff to negate those allegations. It is only when the moving party properly raises the jurisdictional issue that the burden of proving jurisdiction is upon the party asserting it. If an issue of fact is raised, the court shall take evidence by deposition or otherwise. The court may not reach a determination based upon its view of the controverted facts, but must resolve the dispute by receiving evidence thereon through interrogatories, depositions, or an evidentiary hearing.

*Id.* at 531-32 (citations omitted).

The Preliminary Objections filed by the Appellants clearly raise dispositive issues of fact. The Agreement between WEWJA and RAD provides in relevant part:

In the event of any dispute between [WEWJA] and RAD with respect to any matter in connection with this Agreement, such dispute shall be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association.

Preliminary Objections to Amended Complaint, 11/21/2012, at Exhibit 1. The Appellants contend that this arbitration provision requires that the claims in the Appellees' Amended Complaint be submitted to arbitration because all three Appellants, as the Solicitor and Board Members, are agents

and representatives of WEWJA.[3]  The Appellees disagree, contending that the allegations in the Amended Complaint establish that the three Appellants were acting outside the scope of their capacities as agents and representatives of WEWJA, and therefore the Agreement has no application here.  The Appellants counter, arguing that the evidence attached to their Preliminary Objections establishes that they were acting within the scope of their representative capacities at all times in connection with WEWJA's termination of the Agreement.

Pursuant to Rule 1028(c)(2), it was incumbent on the trial court to decide the Appellants' Preliminary Objections "promptly," and its decision to defer a determination regarding the arbitrability of the Appellees' claims until the summary judgment stage of the proceedings was error.  Accordingly, we reverse the trial court's March 19, 2013 and remand the case with

---

[3]  As the trial court correctly recognized, so long as individuals act within the scope of their representative capacities, a valid agreement to arbitrate is not rendered ineffective merely because the claims at issue are asserted against individuals rather than the corporate signatory of the agreement.  Trial Court Opinion, 2/10/2014, at 5-6.  In general, only the parties to an arbitration agreement are subject to arbitration.  **Cumberland-Perry Area Vocational-Technical School v. Bogar & Bink**, 396 A.2d 433, 435 (Pa. Super. 1978).  As our Supreme Court recently reaffirmed in **Tayar v. Camelback Ski Corp., Inc.**, 47 A.2d 1190, 1196 (Pa. 2012), however, corporate entities must act through their agents and representatives, and thus contractual provisions referring to the corporate entity are assumed to also refer to the entity's agents and representatives (even if not specifically mentioned).  Accordingly, if the Appellants were acting within the scope of their representative capacities on behalf of WEWJA, the reference in the arbitration provision of the Agreement to WEWJA in the above-cited arbitration provision applies to both to WEWJA and the Appellants.

instructions that the trial court decide all issues of fact and issue a ruling either granting or overruling said Preliminary Objections forthwith.[4]  We note that the parties have already submitted substantial evidence to the trial court on the disputed issues of fact, but it is in the trial court's discretion to determine whether to permit the parties to engage in additional discovery and/or whether to conduct an evidentiary hearing prior to rendering its ruling.

The trial court's order dated March 19, 2013 is reversed.  The case is remanded to the trial court to make a determination on the arbitrability of this dispute.  This Court's jurisdiction is relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/2014

---

[4]  Based upon our disposition of the Appellants' first issue on appeal, it is unnecessary to address the remaining three issues.