J-S77043-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARPLE-NEWTOWN TAS, INC., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BROADVIEW NETWORKS, INC., | : | |
| | : | |
| Appellant | : | |
| | : | No. 2035 EDA 2014 |

Appeal from the Order Entered June 26, 2014,
in the Court of Common Pleas of Delaware County,
Civil Division, at No(s): No. 14-2280

BEFORE:    STABILE, JENKINS, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED FEBRUARY 10, 2015**

Broadview Networks, Inc. (Broadview) appeals from the order overruling its preliminary objection in the nature of a motion to compel arbitration against Marple-Newtown TAS, Inc. (MNTAS).  We vacate the order of the trial court and remand for proceedings consistent with this memorandum.

This case arises from a dispute between MNTAS and Broadview, a local, regional and long distance telephone carrier.  MNTAS instituted this breach of contract action against Broadview before a magisterial district judge.  MNTAS asserted that "[b]etween June 2009 and the present, [Broadview] overcharged [MNTAS] $8,199.46 for services which it did not provide to [MNTAS] and for which [MNTAS] paid [Broadview]." Complaint,

_____

*Retired Senior Judge assigned to the Superior Court.

4/16/2014, at ¶ 17. Thus, MNTAS requested judgment in its favor for that amount plus pre-judgment interest.

On February 26, 2014, the district judge found in favor of MNTAS; Broadview appealed to the Court of Common Pleas of Delaware County; and, Broadview ruled MNTAS to file a complaint. MNTAS complied and filed its complaint on April 16, 2014. Attached as Exhibit B to the complaint is a "New Customer Enrollment Form and Letter of Agency" (Service Agreement) dated June 1, 2009. The primary contact on behalf of MNTAS was Joseph Stonelake, who signed the forms. Included in that form is a section entitled Dispute Resolution, which provided the following.

> The parties shall attempt to resolve all disputes in the spirit of cooperation without formal proceedings. Any dispute which cannot be so resolved (other than the collection of amounts due for the Services and requests for injunctive relief) shall be the subject of mandatory arbitration. Such arbitration shall be conducted in accordance with the U.S. Arbitration Act (Title 9, U.S. Code), and under the Commercial Arbitration Rules of the American Arbitration Association. The arbitration shall be conducted in New York, New York. The decision of the arbitrator shall be final and binding upon the parties. Judgment upon the arbitration award may be entered in any court of competent jurisdiction.

Service Agreement, 6/1/2009, at 2.

Also attached to the complaint are additional forms dated June 2, 2009 and signed or initialed by Joseph Stonelake. In its complaint, MNTAS averred that Joseph Stonelake was employed by MNTAS as a loan processor between 2006 and January 2012, and that David V. Gilbert (Gilbert) was and

- 2 -

is the President of MNTAS.[1]  MNTAS stated that in "February, June, and November 2009, Gilbert advised [Broadview's] representative, Daniel DiOrio ("DiOrio"), both orally and in writing that only Gilbert and Victoria Stonelake, the Manager, were authorized by [MNTAS] to discuss, negotiate, execute, agree to and enter into contracts on behalf of [MNTAS]." Complaint, 4/16/2014, at ¶ 8.  Furthermore, MNTAS averred that "[Broadview] likewise knew this fact based upon previous contracts negotiated between DiOrio on behalf of [Broadview] and [MNTAS]." *Id*.  Attached to the Complaint as Exhibit A were copies of e-mails between Gilbert and DiOrio, with a copy to Joseph Stonelake, dated November 16, 2009, providing that "NOTHING IS TO BE CHANGED WITHOUT Vick's [] or my specific authorization[.]" On the same day, DiOrio confirmed that "Nothing has been and nothing will[.]"

On May 5, 2014, Broadview filed a preliminary objection to the complaint pursuant to Pa.R.C.P. 1028(a)(6), which provides that a preliminary objection may be filed where there is an agreement for alternative dispute resolution.  It requested the parties be compelled to arbitrate this matter pursuant to the aforementioned clause in the Service Agreement in light of the fact that MNTAS "utilized the services provided by Broadview under the Service Agreement, including the services in dispute here, as well as other services, and, with certain lapses, [MNTAS] paid

---

[1] Joseph Stonelake is Gilbert's grandson.

Broadview for the services so provided." Memorandum in Support of Preliminary Objection, 5/5/2014, at ¶ 4.

In response, MNTAS asserted that it should not be forced to arbitration where the employee of MNTAS, Joseph Stonelake, who signed the Service Agreement was not authorized to do so, and Broadview knew this information at the time the Service Agreement was signed. Alternatively, MNTAS suggested that the instant dispute falls outside the language of the arbitration provision in the Service Agreement, because it is a collection action.

On June 25, 2014, the trial court overruled Broadview's preliminary objection. Broadview timely filed a notice of appeal.[2] The trial court did not order Broadview to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925, but the court did file an opinion pursuant to Pa.R.A.P. 1925(a).

---

[2] We recognize that the

> [d]enial of preliminary objections is ordinarily an interlocutory order not subject to immediate appeal. Nevertheless: Pennsylvania Rule of Appellate Procedure 311 provides that an interlocutory appeal may be taken as of right from any order which is made appealable by statute. The Uniform Arbitration Act, 42 Pa.C.S.A. §§ 7301 et seq., states that an appeal may be taken from '[a] court order denying an application to compel arbitration....' 42 Pa.C.S.A. § 7320(a)(1).

***Midomo Co. v. Presbyterian Hous. Dev. Co.***, 739 A.2d 180, 182-83 (Pa. Super. 1999) (some quotations and citations omitted).

- 4 -

Our standard of review for a denial of preliminary objections in the nature of a petition to compel arbitration is limited to determining whether the trial court's findings are supported by substantial evidence and whether the trial court abused its discretion in denying the petition. Where a party to a civil action seeks to compel arbitration, a two-part test is employed. First, the trial court must establish if a valid agreement to arbitrate exists between the parties. Second, if the trial court determines such an agreement exists, it must then ascertain if the dispute involved is within the scope of the arbitration provision. If a valid arbitration agreement exists between the parties, and the plaintiff's claim is within the scope of the agreement, the controversy must be submitted to arbitration.

*Callan v. Oxford Land Dev., Inc.*, 858 A.2d 1229, 1233 (Pa. Super. 2004) (citations omitted).

Preliminary objections in the nature of a petition to compel arbitration filed pursuant to Pa.R.C.P. 1028(a)(6) cannot be determined from facts of record. *See* Pa.R.C.P. 1028(c)(2) ("Note: Preliminary objections raising an issue under subdivision (a)(1), (5), (6), (7) or (8) cannot be determined from facts of record."). The Rule further provides that "[i]f an issue of fact is raised, the court shall consider evidence by depositions or otherwise." Pa.R.C.P. 1028(c)(2).

Instantly, the trial court offered two reasons as to why it concluded it was proper to overrule the preliminary objection.

[T]he arbitration clause specifically states that the mandatory arbitration does not apply to collections of amounts due for services and injunctive matters. Therefore, because this matter is based upon collections, the Preliminary Objections filed by

> [Broadview] alleging mandatory arbitrations were property overruled.
>
> \*\*\*
>
> Based upon the fact [] that the Complaint alleges that the President of [MNTAS] specifically stated that his employee Mr. Stonelake, (the signature to the agreement) had no authority to enter into contracts on behalf of the company raises an issue of fact. Considering this fact is true, which must be done at this stage of the litigation, it is mandated that the Preliminary Objections be overruled and the matter proceed to discovery and arbitration in the proper forum, Delaware County Court of Common Pleas.

Trial Court Opinion, 8/6/2014, at 1-2.

On appeal, Broadview asserts that these conclusions were error. First, MNTAS argues that the instant action is not a collection action of the type contemplated by the arbitration clause. Broadview's Brief at 13. Broadview further argues that because

> MNTAS accepted and utilized for nearly five years the telecommunications and related services provided by Broadview under the Service Agreement and these services were by no means limited to those in dispute here. During these five years, MNTAS, through various representatives, including its President, regularly interacted with Broadview regarding the Services being provided by Broadview, raising multiple service and billing issues; in other words, MNTAS repeatedly insisted upon the service quality and billing accuracy rights afforded it under the Service Agreement. Moreover, MNTAS, with some lapses, paid Broadview for the Services provided under the Service Agreement at the rates and pursuant to the terms and conditions set forth in the Service Agreement, imploring Broadview, during one of these aforesaid payments lapses, not to disconnect its services for nonpayment. Indeed, the very documents submitted by [MNTAS] with its Complaint confirm that MNTAS's President knew that Broadview was installing the Services at

- 6 -

MNTAS's location before such installation was complete and did not at that time disavow [Joseph] Stonelake's authority to execute the Service Agreement, or seek rescission of the Service Agreement.

Broadview's Brief at 19-20.

In other words, Broadview inartfully asserts that the trial court applied the rules incorrectly by assuming the facts of MNTAS's complaint to be true, when Broadview was arguing those facts were false. There is no question that, pursuant to the aforementioned rules, the trial court was required to make a factual determination about the veracity of the allegations in the complaint by considering the averments in the preliminary objections as well. Moreover, had the trial court required additional facts to make such a determination, it should have considered "evidence by deposition or otherwise." Pa.R.C.P. 1028(c)(2).

Accordingly, the trial court erred as a matter of law, and we vacate the order of the trial court. We remand for the trial court to consider the preliminary objections filed by Broadview consistent with Pa.R.C.P. 1028(c)(2), and make the factual determinations as to whether "a valid agreement to arbitrate exists between the parties…. [and] if … such an agreement exists, … ascertain if the dispute involved is within the scope of the arbitration provision." *Callan*, 858 A.2d at 1233.[3]

---

[3] The determination about whether this is a collection action as contemplated in the Service Agreement also requires consideration of facts

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 2/10/2015

---

other than those asserted in the complaint. Presumably this clause was designed by Broadview to permit it to collect for non-payment of services. The instant case involves a somewhat more complex inquiry where MNTAS asserts it was billed for and paid for services that Broadview did not provide.