J-A26024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| C.F. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| D.S. | : | |
| | : | |
| Appellant | : | No. 622 WDA 2019 |

Appeal from the Order Entered April 1, 2019
In the Court of Common Pleas of Blair County Civil Division at No(s):
No. 2017 GN 3424

BEFORE:  SHOGAN, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED NOVEMBER 7, 2019**

D.S. (Father) appeals from the order, entered in the Court of Common Pleas of Blair County, denying his preliminary objections to L.F.'s (Maternal Aunt) petition to intervene and granting Maternal Aunt's petition to intervene. We quash.

C.F. (Mother) is deceased.  Mother and Father are the parents of one child, A.S. (Child), born 5/2009.  Mother also has a child, D.F., from a different father.  Mother and Father were living together, but they parted ways in 2015. Father moved to New York to live with his parents.  Mother and Father shared custody of Child by mutual agreement until January 24, 2018, when they entered into a formal custody order by consent.  Pursuant to that order, the parties shared legal and physical custody, with Child residing primarily with Mother and Father having visitation by mutual agreement.

After a protracted battle with cancer, Mother passed away on August 5, 2018. At that time, both children were living with Mother in Blair County. Maternal Aunt and her husband (the Fergusons) filed a petition to intervene and sought special relief with respect to custody of both children. Father filed preliminary objections.

The court held hearings on September 20, 2018 and November 2, 2018.[1] At the September 20, 2018 hearing, counsel for the Fergusons relayed the following to the court: after Mother's funeral, Father indicated that he knew Mother wanted both children to be with Maternal Aunt and, that time, Father agreed to that and wanted what was best for the children. N.T. Hearing, 9/20/18, at 5-6.[2] At the November 2, 2018 hearing, Maternal Aunt

_____

[1] We note that on September 7, 2018, Maternal Aunt and her husband filed a petition to intervene and for special relief, and the court entered an *ex parte* order providing that temporary custody of the two minor children was with Maternal Aunt, with Father having supervised visitation, pending hearing and final resolution of the issues, without prejudice to either father. We are aware, however, that Father's argument points out that Mother's Last Will and Testament appointed him as Guardian, and we note with concern that Maternal Aunt was less than forthright with the court about her sister's will. We presume that this matter will be fully explored and resolved in the custody hearing.

[2] At the hearing, counsel stated:

> Since [the children] have been in my clients['] care and custody, . . . [Father] has not provided any type of support for them. My clients have bought their clothes, provided their food, provided their shelter, enrolled them in school, had them to doctors, [have] them now enrolled in counseling , . . . they provided emotional support for the kids during this time, . . . and they did so with [Father's]

and Father testified, as did the legal assistant to Fergusons' counsel, Thelma Gressley.

Following the hearing, the court entered an order denying Father's preliminary objections and granting the Fergusons' petition to intervene. The court entered a temporary order granting custody of the children to the Fergusons pending a hearing, without prejudice to either fathers' rights.[3] The court's order also provided Father with periods of partial custody.

Father filed this timely appeal. He raises three issues:

1. Did the trial court err and/or abuse its discretion in denying Father's preliminary objections to the petition to intervene averring that the third party lacked standing to sue for any form of custody?

_____

consent, and specifically, Your Honor, he contacted my office and advised my staff and myself that he would agree and would sign whatever necessary papers needed to be signed in order to make that a permanent situation. So– and I understand that he can change his mind, however, I would point out that my clients have stepped into that role . . . they provided for the kids since [Mother's] death[.]

N.T. Hearing, **_supra_** at 6. Counsel for Father disputed this. **_Id._** at 11. However, counsel for Father assured the court that Father would want the children to remain with the Fergusons in the interim to maintain stability in their lives. **_Id._** at 17.

[3] The court held another hearing on September 20, 2018. At that hearing, D.F.'s father did not appear. The court noted that Father intended to file a petition to intervene in that matter and to seek guardianship of D.F. The court entered an order on September 24, 2018, directing a hearing on the issue of Father's standing, and further noting the parties' agreement to keep in place the court's September 10, 2018 order pertaining to temporary custody of the children.

2. Did the trial court err and/or abuse its discretion in granting the third party's petition to intervene and conferring upon them *in loco parentis* status?

3. Did the trial court err and/or abuse its discretion when it failed to issue a ruling on the preliminary objections in a timely manner?

Appellant's Brief, at 6.

Under Pennsylvania law, an appeal may be taken from: (1) a final order or an order certified by the trial court as a final order; (2) an interlocutory order as of right; (3) an interlocutory order by permission; (4) or a collateral order. ***Beltran v. Piersody***, 748 A.2d 715 (Pa. Super. 2000). An order denying preliminary objections does not dispose of all claims and all parties and, therefore, is not a final order. ***See*** Pa.R.A.P. 341(b) (stating that a final order is an order that disposes of all claims and of all parties, or is expressly defined as a final order by statute or the ordering court).

Generally, an order denying a party's preliminary objections is defined as an interlocutory order. ***F.D.P. v. Ferrara***, 804 A.2d 1221, 1226 (Pa. Super. 2002). ***See also Callan v. Oxford Land Development***, ***Inc.***, 858 A.2d 1229, 1232 (Pa. Super. 2004). Interlocutory orders are only appealable as of right or by permission in accordance with the Pennsylvania Rules of Appellate Procedure. ***See*** Pa.R.A.P. 311(a)(9) (stating that an appeal may be taken as of right from an interlocutory order if such order is made appealable by statute or general rule); ***see also Midomo Co., Inc. v. Presbyterian Housing Dev. Co***., 739 A.2d 180, 184 (Pa. Super. 1999) (order denying preliminary objections generally not appealable).

Here, the court's order is an interim order, not a final order; "[s]tated differently, it did not completely resolve the custody dispute between [the parties]." ***J.A.F. v. C.M.S.***, 164 A.3d 1277, 1281 (Pa. Super. 2016). ***See G.B. v. M.M.B.***, 670 A.2d 714 (Pa. Super. 1996) (order awarding father temporary partial custody prior to custody hearing was not final and appealable under Rule 341; custody order will be considered final and appealable only after trial court has completed its hearings on merits and resultant order resolves pending custody claims between the parties). Father has not pointed to any rule or statute to support his argument that this interlocutory order is appealable. Further, the trial court has not certified this order as final pursuant to Pa.R.A.P. 341(c), Father has not sought permission to appeal pursuant to Pa.R.A.P. 1311, nor has he demonstrated that the issue satisfies the collateral order doctrine pursuant to Pa.R.A.P. 313.

Finally, Father's reliance on ***K.W. v. S.L. and M.L.V.G.G.***, 157 A.3d 498 (Pa. Super. 2016), is misplaced. Extraordinary circumstances existed in ***K.W.***; there, father had been deprived of custody by private adoption to which he did not consent, and his claim would have been irreparably lost if review were postponed. ***See id.*** at 502. Here, no such circumstances exist. We, therefore, quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/2019