J-A27007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CHI SO AND ALEY CHEUNG | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| TOLL BROTHERS, INC., D/B/A/ TOLL BROTHERS, MARC KOLBER, DAN RICHARDS, DAN MURPHY, RJ2 CONSTRUCTION, INC. AND MIKE VAUGHN | |
| APPEAL OF TOLL BROTHERS, INC., MARC KOLBER, DAN RICHARDS AND DAN MURPHY | No. 1012 EDA 2020 |

Appeal from the Order February 26, 2020
In the Court of Common Pleas of Montgomery County
Civil Division at No: 2019-19451

BEFORE:  STABILE, J., NICHOLS, J. AND COLINS, J.*

MEMORANDUM BY STABILE, J.:                    **FILED:  FEBRUARY 22, 2021**

Appellants, Toll Brothers, Inc., Marc Kolber, Dan Richards and Dan Murphy, appeal from an order denying their preliminary objections to the complaint filed by Appellees, Chi So and Aley Cheung, in this civil tort action. Appellants argue that the trial court erred by denying their preliminary objection seeking transfer of this case to arbitration.  We affirm.

Appellees' complaint alleges that on January 18, 2018, they entered into a letter agreement with Appellant Toll Brothers, Inc. ("Toll") in which Toll promised to perform work at Appellees' home, including replacing stucco

_____

* Retired Senior Judge assigned to the Superior Court.

cladding, replacing certain window frames, and replacing exterior doors ("the Project").  Complaint, 8/2/19, at ¶¶ 10-11.  Appellants Kolber, Richards, and Murphy managed the Project for Appellant Toll.  *Id.* at ¶ 12.  Appellees did not append their letter agreement with Toll to the complaint.

Appellees advised Appellants that they had purchased a Pella 4-slide panel door for the rear patio and asked Appellants to install this door.  *Id.* at ¶¶ 14-17.  Appellant Richards took measurements and advised that Appellant Toll would install the Pella door as part of the Project.  *Id.*

A Toll workman removed the existing French patio door but was unable to install the Pella door.  *Id.* at ¶ 20.  Appellant Kolber advised Appellees that Toll would be unable to install the Pella door.  *Id.* at ¶ 21.  Appellee Cheung requested that the existing patio door simply be replaced with an identical one, and that Toll should "forget about the Pella patio door that [Mrs. Cheung] purchased."  *Id.* at ¶ 22.  A replacement French patio door was delivered to the property and installed by Toll's workmen.  *Id.* at ¶¶ 23–24.  The next day, Appellees hired another contractor to remove the replacement French patio door and install the Pella patio door.  *Id.* at ¶¶ 26–27.

Toll workers placed the replacement French patio door in a pickup truck to remove it from the property.  *Id.* at ¶ 31.  Appellees objected to its removal, and an argument ensued.  *Id.* at ¶¶ 31-32.  The individual Appellants drove away with the door but later returned and placed the French patio door in Appellees' garage.  *Id.* at ¶¶ 34-37.

On August 2, 2019, Appellees filed a one-count complaint against Appellants alleging the tort of trespass to land. According to Appellees, Appellant Toll "intentionally direct[ed] its employees to trespass upon [Appellees'] Property to seize the Toll Patio Door assembly which Toll no longer owned and in which Toll had no security interest," *id.* at ¶ 44, thus causing Appellees to fear for their physical safety and suffer emotional distress. *Id.* at ¶¶ 41-43.

Appellants filed preliminary objections requesting, *inter alia*, that the trial court transfer this case to arbitration.[1] Appellants appended the January 18, 2018 letter agreement between the parties to their preliminary objections. The letter agreement noted that Appellees submitted a warranty request seeking repairs to their home due to water infiltration. Preliminary Objections, exhibit B (letter agreement), at 1. The letter agreement provided that Toll "will complete the Repairs to your Home **as set forth in the attached exhibit A ("the Repairs")** . . ." *Id.* (emphasis added). Importantly, Appellants failed to include exhibit A of the letter agreement in their preliminary objections.

The agreement included an arbitration clause that stated:

Should a dispute arise, you agree to use best efforts to resolve any such dispute promptly by contacting me directly to address the dispute. If the dispute is unable to be resolved, you and Toll agree that any and all controversies or claims arising out of or relating to **the Repairs, this letter agreement**, the Limited

---

[1] Appellants filed several other preliminary objections, but none of them are at issue in this appeal.

Repairs Warranty, or any of the Released Claims shall be resolved by binding arbitration administered by the American Arbitration Association in accordance with its Construction Industry Arbitration Rules and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

*Id.* at 3 (emphasis added).

On February 26, 2020, the trial court overruled Appellants' preliminary objections. This timely appeal followed. The trial court filed a Pa.R.A.P. 1925 opinion without ordering Appellants to file a Rule 1925 statement of matters complained of on appeal.

Appellants raise the following issue in this appeal:

Whether a claim asserted against those involved in performing warranty repair work on a home, arising during the warranty repair work, must be submitted to arbitration, where the parties agreed that "any and all controversies or claims arising out of or relating to" either the repairs or the parties' relationship would be resolved by arbitration.

Appellants' Brief at 4.

Generally, "an order [overruling] a party's preliminary objections is interlocutory and, thus, not appealable as of right." **Callan v. Oxford Land Dev., Inc.**, 858 A.2d 1229, 1232 (Pa. Super. 2004). An exception to this rule exists when a party appeals from an order denying a petition to compel arbitration. **Id.**; **see also** Pa.R.A.P. 311(a)(8); 42 Pa.C.S.A. § 7320(a). Under this exception, the trial court's order overruling Appellants' preliminary objections seeking to compel arbitration, though interlocutory, is appealable as of right.

Our review of an order overruling preliminary objections seeking to compel arbitration "is limited to determining whether the trial court's findings are supported by substantial evidence and whether the trial court abused its discretion in denying the petition." **Callan**, 858 A.2d at 1233. In making this determination, we apply the following principles:

> (1) [A]rbitration agreements are to be strictly construed and not extended by implication; and (2) when parties have agreed to arbitrate in a clear and unmistakable manner, every reasonable effort should be made to favor the agreement unless it may be said with positive assurance that the arbitration clause involved is not susceptible to an interpretation that covers the asserted dispute.

**Id.** Whether a dispute is within the scope of an arbitration agreement is a question of law for which our scope of review is plenary. **Provenzano v. Ohio Valley Gen. Hosp.**, 121 A.3d 1085, 1095 (Pa. Super. 2015).

The arbitration clause in the letter agreement provides that all "controversies or claims arising out of or relating to the Repairs, this letter agreement, the Limited Repairs Warranty, or any of the Released Claims" are subject to arbitration. Appellants argue that this case must go to arbitration because it concerns "Repairs" and/or "this letter agreement."[2]

Appellants fail to demonstrate that this case concerns "Repairs" because there is no definition of "Repairs" in the record. The letter agreement does

---

[2] Appellants do not argue that this case is subject to arbitration on the grounds that it concerns the "Limited Repairs Warranty[] or any of the Released Claims."

not itself define "Repairs"; it merely states that "Repairs" are "set forth in the attached exhibit A." Appellants, however, failed to attach exhibit A to their preliminary objections. Without this exhibit in the record, we cannot define the scope of the term of art, "Repairs," and cannot tell whether Appellees' action fits within this term. Furthermore, Appellants have the duty to ensure that the certified record is complete for purposes of appellate review. ***Brown v. Halpern***, 202 A.3d 687, 698-99 (Pa. Super. 2019). Thus, the omission of exhibit A is fatal to their argument.

For the same reason, Appellants demonstrate that this case is subject to arbitration under the next phrase, "this letter agreement." The letter agreement states that Toll "will complete the Repairs to your Home as set forth in the attached exhibit A ("the Repairs")." The letter agreement refers to exhibit A, the exhibit Appellants failed to include in the record. Absent this exhibit, Appellants cannot demonstrate that Appellees' action fits within the scope of "Repairs," which in turn prevents them from demonstrating that Appellees' action fits within the scope of "this letter agreement." ***Brown***, 202 A.3d at 698-99.

In an attempt to overcome their failure to include exhibit A in the record, Appellants argue that this case is subject to arbitration because of several "judicial admissions" that Appellees made in their response to Appellants' preliminary objections—specifically, Appellees' statements that they "purchased a Pella 4-slide-panel door for their rear patio deck which they

wanted Toll to install as part of the ongoing repairs," that Toll "was unable to install the Pella door," and that Appellees "then told Toll that it should install the standard French patio door originally proposed by Toll." Appellants' Brief at 23-24 (citing Appellees' Memorandum In Opposition To Appellants' Preliminary Objections, at 6). We disagree. A judicial admission is "a clear and unequivocal admission of fact. Judicial admissions are limited in scope to factual matters otherwise requiring evidentiary proof, and are exclusive of legal theories and conclusions of law." *Koziar v. Raynor*, 200 A.3d 513, 521 (Pa. Super. 2018). Assuming that Appellees' statements are judicial admissions, they are merely factual admissions that Appellees wanted Toll to install the Pella door as part of ongoing repairs. *Id.* They do not resolve the critical **legal** question of whether the complaint falls within the scope of the term of art "Repairs" in the arbitration clause. Nor can we define "Repairs" or examine whether the complaint falls within this term of art due to Appellants' failure to include exhibit A in the record.

Lastly, Appellants argue that this case is subject to arbitration under this Court's reasoning in *Saltzman v. Thomas Jefferson Univ. Hosps.*, 166 A.3d 465 (Pa. Super. 2017), and *Callan*. We disagree.

In *Saltzman*, the plaintiff filed tort claims against a hospital for wrongful termination of employment. The hospital filed preliminary objections seeking arbitration under an employment agreement between the plaintiff and the hospital that required arbitration of "any controversy or claim between the

parties hereto arising under or related to this Agreement or any breach thereof." This Court reasoned that it "has consistently compelled the arbitration of tort claims arising from a contractual relationship where the language of the arbitration clause is broad and unlimited." *Id.*, 166 A.3d at 478. Since the language of the parties' arbitration provision was "broadly worded," and there was "no evidence demonstrating the parties' intent to exclude tort claims arising from or related to the Agreement," we held that the plaintiff's tort claims were subject to arbitration. *Id.* at 479.

In **Callan**, the parties entered into an agreement of sale for real estate that included the following arbitration provision, "All claims, disputes and other matters in question both before and after settlement arising out of or relating to this Agreement of Sale on the house being purchased shall be decided by arbitration." Furthermore, paragraph 19 of the agreement provided, "Buyer acknowledges that Buyer has reviewed the final subdivision plan as approved by the township. Seller reserves the right to make adjustments and modifications to accommodate site conditions or at the request of governmental/authorities." Next, paragraph 18 of the agreement provided:

> Vegetation existing prior to construction/wooded areas: Seller will attempt to preserve as many of the existing trees or shrubs as reasonably possible during the construction of the improvement and house on the premises. It is expressly agreed, however, that Seller does not guarantee or warrant the survival of any trees or shrubs existing on the premises prior to the said construction. The Seller shall be responsible to grade and seed the disturbed areas only.

The plaintiff, the buyer of the real estate, filed a tort claim alleging that the seller trespassed onto her property to remove trees, removed the trees, and caused the buyer inconvenience and discomfort. This Court held:

> Paragraph 18 of the agreement of sale specifically acknowledges Seller does not warrant the survival of trees on the property during construction of improvements on the property. Paragraph 19 reveals Buyer signed the final subdivision plan as approved by the Township, which indicated a feeder road would be installed adjacent to her property. Installment of the feeder road is an improvement on the premises. Our review of the record reflects Buyer's tort claims arise from the contract for sale and are therefore subject to the arbitration agreement.

*Id.*, 858 A.2d at 1234. The plaintiff's claim in *Callan* was subject to arbitration because all claims "arising out of or relating to this Agreement of Sale" fell within its scope, and the plaintiff's claim of trespass related to paragraphs 18 and 19 of the Agreement.

The distinction between this case, on the one hand, and *Saltzman* and *Callan*, on the other, is simple. We reasoned in *Saltzman* and *Callan* that the plaintiffs' complaints fell within the scope of broadly worded arbitration clauses. Here, for the reasons discussed above, Appellants have failed to demonstrate that Appellees' complaint falls within the arbitration clause in the letter agreement, because they cannot show that the averments of the complaint "aris[e] out of or relat[e] to the Repairs, this letter agreement, the Limited Repairs Warranty, or any of the Released Claims." Preliminary Objections, Letter Agreement, at 1.

- 9 -

For these reasons, we affirm the trial court's order denying Appellants' preliminary objections.

Order affirmed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/21