J-S15042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KONDAUR CAPITAL CORPORATION, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARSHALL L. WILLIAMS, | |
| Appellant | No. 619 EDA 2015 |

Appeal from the Order January 8, 2015
in the Court of Common Pleas of Philadelphia County
Civil Division at No.: April Term, 2013 No. 00109

BEFORE:  BENDER, P.J.E., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED FEBRUARY 29, 2016**

Appellant, Marshall L. Williams, a lawyer, appeals *pro se* from the order denying his petition to compel arbitration and stay proceedings in this eviction action.  Appellant's arguments are waived or previously litigated. We affirm, in part, on the basis of the trial court's opinion.  Appellee, Kondaur Capital Corporation, has filed an application for dismissal and for sanctions.  We affirm the order denying arbitration, dismiss Appellee's application for dismissal as moot, grant Appellee's application for sanctions, and remand with instructions.

_____

[*] Retired Senior Judge assigned to the Superior Court.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them here at length.

For the convenience of the reader we note briefly that although this ejectment action began in 2013, the underlying issues arose in 2010, and have previously been reviewed by a panel of this Court, which affirmed the denial of Appellant's petition to set aside the sheriff's sale of the same property, 5447 Wyndale Avenue, Philadelphia, Pennsylvania. (*See EMC Mortgage Corp. v. Williams*, No. 844 EDA 2013, (unpublished memorandum at *8) (Pa. Super. filed July 8, 2014)).[1]

Prior to that, on February 2, 2010, as noted in the previous memorandum decision, EMC had filed a complaint in mortgage foreclosure on the 5447 Wyndale property. (*See id.* at *1). After various procedural detours, the trial court ordered foreclosure and the property was sold at sheriff's sale on September 11, 2012. (*See id.* at *3).

This Court affirmed the order denying Appellant's petition to set aside the sheriff's sale. (*See id.* at *9). Notably, the panel also rejected Appellant's claim that the dispute should have been transferred to arbitration. (*See id.* at *5-6). Observing that Appellant failed to preserve any issues by filing a response to a motion for summary judgment, the panel

---

[1] EMC Mortgage Corp. was predecessor in interest to Appellee.

concluded that "[a]ny issues relating to the mortgage foreclosure judgment are deemed waived and/or previously litigated." (*Id.* at *6).

Also, as noted by our predecessor panel, this case has a "tortured procedural history." (*Id.* at *1). For purposes of our review, it is sufficient to note that after Appellee filed a complaint in ejectment, Appellant eventually again filed a motion to compel arbitration, the third such motion, which the trial court denied. Additionally, Appellant filed a motion to stay proceedings, which the trial court also denied. This timely appeal followed.[2]

On appeal, Appellant raises six questions for our review:

> 1. Whether the trial court erred as a matter of law by finding that the parties' arbitration agreement did not apply to the disputes, claims and controversies raised in [Appellant's] answer including his denials and new matter (other additional facts, affirmative defenses and counterclaims) to [Appellee's] amended complaint in ejectment?
>
> 2. Did [Appellant] waive his constitutional rights under the United States Constitution's Supremacy Clause, the Commerce Clause and the Due Process Clause to directly challenge the validity of [Appellee's] invalid deed that exhibited its amended complaint in ejectment?
>
> 3. Should fraud, mistake, illegality or accident invalidate [Appellee's] sheriff sale and [Appellee's] prematurely issued sheriff's deed?
>
> 4. Did the trial court lack personal jurisdiction and subject matter jurisdiction over the parties and the ejectment complaint

_____

[2] Appellant timely filed a court-ordered concise statement of errors, on March 3, 2015. The trial court filed its opinion on March 27, 2015. **See** Pa.R.A.P. 1925.

- 3 -

on April 1, 2013 while the sheriff sale appeal was pending effective March 11, 2013?

5. Where [Appellee] agrees to arbitration as requested by [Appellant], did the trial court erred [sic] as a matter of law by failing to stay or dismiss the pending proceedings in favor of arbitration?

6. Does a void foreclosure summary judgment remains [sic] invalid for all subsequent actions including an ejectment actions?

(Appellant's Brief, at 4). We note that Appellant's brief, as well as his reproduced record, were filed late.

We review a trial court's denial of a motion to compel arbitration for an abuse of discretion and to determine whether the trial court's findings are supported by substantial evidence. In doing so, we employ a two-part test to determine whether the trial court should have compelled arbitration. The first determination is whether a valid agreement to arbitrate exists. The second determination is whether the dispute is within the scope of the agreement.

\* \* \*

[A] challenge to the trial court's statutory interpretation is a question of law and, as such, our standard of review is *de novo* and our scope of review is plenary.

*Hopkins v. Erie Ins. Co.*, 65 A.3d 452, 455-56 (Pa. Super. 2013) (citations and internal quotation marks omitted omitted).

Preliminarily, in this appeal, we note that Appellant's Rule 1925(b) statement presents only four issues: (1) denial of the motion to compel arbitration; (2) denial of the motion to stay proceedings, (3) jurisdiction, and

(4) alleged infringement of his constitutional right to due process and equal protection. (**See** "Statement of Matters Complained Of," 3/03/15, at 1-2).[3] Accordingly, Appellant's third issue (fraud, mistake, illegality or accident) and sixth issue (validity of summary judgment) are waived. **See** Pa.R.A.P. 1925(b)(vii).

As to the remaining issues, after a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court we conclude that there is no merit to the issues Appellant has raised on appeal. The trial court opinion properly disposes of the questions presented. (**See** Trial Court Opinion, dated 3/27/15, at 4-7) (concluding: (1) trial court properly denied **third** motion to compel arbitration, where issue was previously litigated, Appellant previously failed to preserve issue and this Court dismissed issue in preceding decision; issue is collateral to underlying judgment; (2) trial court properly exercised jurisdiction over the claims presented; Appellant failed to raise claim properly before trial court; (3) trial court properly granted stay while case was on appeal and lifted stay after Superior Court rendered decision; and (4) Appellant failed to make timely claim of constitutional issues with trial court; in any event, constitutional claims, which actually related to petition to set aside sheriff's

---

[3] Appellant has failed to include a copy of the statement of errors in his brief, in violation of Pa.R.A.P. 2111(a)(11).

sale, were moot). Accordingly, we affirm on the basis of the trial court's opinion.

Finally, we address Appellee's application for dismissal and sanctions. Because we have addressed the issues in this appeal, we dismiss the application for dismissal as moot. However, we grant the application for sanctions.

Appellee asserts, and Appellant does not dispute, that the due date for Appellant to file his brief was May 19, 2015. When Appellee filed its motion for sanctions, on September 17, 2015, it still had not received Appellant's brief, although he had apparently filed it with this Court the day before, on September 16, 2015. Nevertheless, this was almost four months later than the original due date. Furthermore, in his response to Appellee's application to dismiss his appeal for failure to file his brief, Appellant concedes that he did not serve his brief and reproduced record on Appellee until after the fact, on September 19, 2015. He apologized.

Appellant's repeated misconduct, and insistence on continuing to raise issues which have already been decided, is transparently derelict. Of equal concern, the only substantive explanation Appellant offers for his conceded failure to conform to our rules of appellate procedure are "regrettable oversight" and a single, generic, unsupported reference to becoming "ill." (Response to Kondour's [sic] Application to Dismiss, 10/01/15, at 1 ¶ 3-4).

Appellant is a lawyer and we presume him to be aware of the requirements of professional conduct. We further note that Appellant conceded in his application for an extension that he was the subject of disciplinary proceedings for violation of legal ethics in an apparently unrelated proceeding. (***See*** Application for Extension, 6/15/15, at 1).

Appellee's assertion—that Appellant routinely filed documents with the court without properly serving Appellee—finds support in the record and stands substantially unrefuted, with no reasonable explanation supplied. This Court routinely grants reasonable extensions to litigants, in need of a period of grace, for good cause shown. However, Appellant's systematic and continuous disregard for the deadlines required to maintain an orderly process of adjudication, and worse, his recurring failure to serve opposing counsel, appear to come perilously close to expressing disdain, if not contempt, for our rules of procedure.

Therefore, we grant Appellee's application and impose sanctions on Appellant for his continuing disregard of judicial procedure. We remand this case to the trial court for a hearing within thirty days of the date of this decision, to permit Appellee to present evidence in support of its claims for attorney's fees and costs associated with the application for sanctions. The trial court shall limit the hearing to setting the amount of monetary sanctions.

Order denying arbitration affirmed.  Case remanded with instructions.

Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/29/2016

**IN THE COURT OF COMMON PLEAS**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**

KONDAUR CAPITAL CORPORATION     :     SUPERIOR COURT No.
                                         :     619 EDA 2015

         v.                                :

                                         :     Civil Division
                                         :     April Term 2013, No. 0109

MARSHALL L. WILLIAMS                 :

**OPINION**

Appellant, Marshall Williams, appeals this Court's denial of his Petition to Compel Arbitration and Stay Proceedings.

Kondaur Capital Corporation Vs Williams Eta-OPFLD

13040010900058

**FACTUAL AND PROCEDURAL HISTORY**

This case commenced April 1, 2013, with the filing of a Complaint in Ejectment, seeking to eject Appellant from the premises of 5447 Wyndale Avenue, Philadelphia, Pennsylvania, following a Sheriff's Sale held on September 11, 2012.[1]

On April 26, 2013, Appellee Kondaur Capital Corporation filed a Motion for Alternative Service, which was granted May 1, 2013.

On May 24, 2013, Appellee filed an Affidavit of Service by posting the premises on May 9, 2013.

On June 10, 2013, Appellant filed Preliminary Objections to Appellee's Complaint.

On June 17, 2013, Appellee filed an Amended Complaint.

On July 3, 2013, Appellant's preliminary objections were marked moot.

On July 19, 2013, Appellant filed an Answer to the Complaint, arguing that Appellee was not the owner of the premises as "the Sheriff was not authorized to execute or deliver to plaintiff a sheriff's

---

[1] Following the disposed action docketed at Philadelphia Court of Common Pleas, February Term 2010, No. 0235.

1

deed on December 27, 2012." Appellant raised a number of boilerplate affirmative defenses in his New Matter. As a Counterclaim, Appellant raised one count of violations of the Unfair Trade and Consumer Protection Act, 73 P.S. § 201-1 *et seq.*; one count of Tortious Interference with a Contractual Relationship; and one count of Breach of Contract.

On August 13, 2013, Appellee filed an Answer to Appellant's Counterclaim, denying Appellant's averments and counterclaims as collateral attacks on a duly entered judgment in foreclosure which were inappropriately advanced in an action in ejectment.

On September 10, 2013, Appellee filed a Motion for Judgment on the Pleadings.

On October 2, 2013, Appellant filed a Motion for Extraordinary Relief; that same day Appellee filed an Answer in Opposition to Appellant's Motion. ...

On October 4, 2013, Appellant filed a Motion to Stay Proceedings, as well as a Reply to Appellee's New Matter. The Motion to Stay averred that the mortgage foreclosure action underlying the instant ejectment action was on appeal, and that Appellant would suffer irreparable harm if the action was not stayed. *See* Motion to Stay Proceedings Pending Appeal, ¶ 1.

On October 8, 2013, the case was stayed by Order of the Court pending the outcome of Appellant's appeal to the Superior Court of Pennsylvania, docketed at 844 EDA 2013.

On July 18, 2014, Appellee filed a Motion to Terminate the Stay.

On August 7, 2014, Appellant filed an Answer in Opposition to Appellant's Motion.

On August 19, 2014, this Court dismissed Appellee's Motion without prejudice pending the outcome of Appellant's Motion for Reconsideration in the Superior Court of Pennsylvania on the appeal docketed at 844 EDA 2013.

On October 20, 2014, Appellee filed a Motion to Terminate the Stay. The Motion averred that the Superior Court of Pennsylvania affirmed this Court's Order denying Appellant's Motion to Set Aside on July 8, 2014, and denied Appellant's Motion for Reconsideration on August 21, 2014. The Superior

2

Court of Pennsylvania remitted the record on October 17, 2014, and thus, the appeal had been concluded. *See* Motion to Terminate Stay, ¶ 1 – 11.

On November 10, 2014, Appellant filed an Answer in Opposition to the Motion to Terminate the Stay, arguing that the Motion should be denied as "unduly prejudicial" to him, and because "the record has not been docketed." *See* Answer in Opposition to Motion to Terminate Stay, ¶ 5 – 6.

On November 18, 2014, this Court granted Appellee's Motion to Terminate the Stay.

On November 20, 2014, Appellee filed a Motion for Judgment on the Pleadings.

On December 10, 2014, Appellant filed a Petition to Compel Arbitration, arguing that the loan contained an arbitration rider covering "all disputes, claims, or controversies arising from or related to the loan evidenced by the Note" and provided that at the request of the Borrower, judicial proceedings shall be stayed or dismissed and the matter should proceed to arbitration. *See* Petition to Compel Arbitration, ¶ 4. Appellant averred that he had written a letter to Appellee's counsel demanding arbitration, but had not received a response. *See* Petition to Compel Arbitration, ¶ 15.

On December 11, 2014, Appellant filed an Answer in Opposition to Appellant's Motion for Judgment on the Pleadings.

On December 30, 2014, Appellee filed an Answer in Opposition to Appellant's Petition to Compel Arbitration. Appellee argued that the sale had been proper, that the ejectment action is collateral to the foreclosure case and the foreclosure judgment, and thus not subject to arbitration under the mortgage's Rider. *See* Answer Petition to Compel Arbitration, ¶ 12 – 13. Additionally, Appellee averred that it had written to Appellant indicating its willingness to arbitrate, but that Appellant never initiated such arbitration. *See* Petition to Compel Arbitration, ¶ 20.

On January 8, 2015, this Court denied Appellee's Motion for Judgment on the Pleadings. That same day, this Court denied Appellant's Motion to Compel Arbitration.

3

On February 9, 2015, Appellant filed a timely Notice of Appeal to the Superior Court of Pennsylvania.

On February 11, 2015, this Court issued its Order pursuant to Pa.R.A.P. 1925(b), directing Appellant to file its Concise Statement of Matters Complained of on Appeal within twenty-one (21) days.

On March 3, 2015, Appellant filed his Concise Statement of Matters Complained of on Appeal, arguing that: this Court erred when it denied his motion "pursuant to the executed arbitration rider attached to their loan agreement;" that this Court abused its discretion when it denied Appellant's Motion to Stay Proceedings pending "the completion of arbitration by the parties' [sic] of their dispute pursuant to the arbitration rider;" that this Court "committed an unduly prejudicial error by exercising subject matter jurisdiction and in personam jurisdiction" over the complaint in ejectment while Appellant's appeal was pending; and that Appellant's rights to due process and equal protection were infringed upon.

## DISCUSSION

Appellant challenges, on a number of grounds, this Court's denial of his Petition to Compel Arbitration.

### I.  PETITION TO COMPEL ARBITRATION

Appellant argues that this Court erred as a matter of law when it denied his motion to compel arbitration pursuant to the executed arbitration rider attached to the loan agreement. As a first note, an appeal may be taken from a court order denying an application to compel arbitration made under section 7304. *Callan v. Oxford Land Dev., Inc.,* 2004 PA Super 353, 858 A.2d 1229, 1232 (2004).[2]

---

[2] The Arbitration Rider allows for arbitration pursuant to 9 U.S.C. §§ 1-14.

4

However, Appellant is collaterally estopped from raising this issue. The doctrine of issue preclusion applies when the following prongs are met: an issue decided in a prior action is identical to one presented in a later action; the prior action resulted in a final judgment on the merits; the party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action. *Rue v. K-Mart Corp.*, 552 Pa. 13, 17, 713 A.2d 82, 84 (1998).

In the instant case, Appellant attacks the underlying judgment in favor of Appellee's predecessor in interest, which is both inappropriate in an ejectment action (i.e. a collateral proceeding to the mortgage foreclosure, *see Dime Sav. Bank, FSB v. Greene*, 2002 PA Super 392, 813 A.2d 893, 895 (2002)) and has been previously litigated. Appellant's appeal challenging the judgment was dismissed by the Superior Court of Pennsylvania as he failed to preserve issues by filing a response to plaintiff's summary judgment motion.[3] Appellant again attempted to raise the issue of the arbitration rider in an appeal from a denial of his Petition to Set Aside Sheriff's Sale, but was unsuccessful as the issues were deemed waived or previously litigated.[4] Appellant cannot raise these issues again, for the third time, in a proceeding collateral to the underlying judgment.

Consequently, this Court did not err in denying Appellant's petition to compel arbitration.

## II. SUBJECT MATTER JURISDICTION

Appellant next complains that this Court committed an "unduly prejudicial error" by exercising subject matter jurisdiction and *in personam* jurisdiction over the complaint in ejectment when Appellant's appeal of the sheriff's sale was pending in the Superior Court.

---

[3] *Kondaur Capital Corp. v. Williams*, 2767 EDA 2011, *per curiam* order filed January 18, 2012.
[4] *EMC Mortgage Corporation v. Marshall L. Williams*, 844 EDA 2013, memorandum opinion filed July 8, 2014.

5

### a. *Subject Matter Jurisdiction*

"Jurisdiction is the capacity to pronounce a judgment of the law on an issue brought before the court through due process of law. It is the right to adjudicate concerning the subject-matter in a given case... Without such jurisdiction, there is no authority to give judgment and one so entered is without force or effect." *Bernhard v. Bernhard*, 447 Pa. Super. 118, 124, 668 A.2d 546, 548-49 (1995). The trial court has jurisdiction if it is competent to hear and determine controversies of the general nature of the matter involved; it lies if the court "had power to enter upon the inquiry." *Id.* the question of subject matter jurisdiction may be raised at any time, by any party, or by the court *sua sponte. Grom v. Burgoon*, 448 Pa. Super. 616, 619, 672 A.2d 823, 824-25 (1996).

Per statute, this Court has unlimited original jurisdiction over all actions and proceedings, except where exclusive original jurisdiction of an action or proceeding is by statute or by general rule adopted pursuant to section 503. 42 Pa.C.S. § 931. Appellant has provided no authority or argument as to why this Court did not have subject matter jurisdiction to hear a case as a collateral action to the original mortgage foreclosure. By way of further response, Appellant applied for and was granted a Stay pending the outcome of his appeal pursuant to Pa.R.A.P. 1732, and said Stay was not lifted until the denial of his Motion for Reconsideration of the Order of the Superior Court of Pennsylvania, affirming the trial Court's Order.[5]

### b. In personam *jurisdiction*

When a defendant wishes to challenge the court's exercise of *in personam* jurisdiction, he may do so by filing preliminary objections. *Scoggins v. Scoggins*, 382 Pa. Super. 507, 513, 555 A.2d 1314, 1317 (1989). Appellant did not raise this issue in preliminary objections nor at any other time in his pleadings. Only claims properly presented in the lower court are preserved for appeal, and even

---

[5] Order denying Application for Reconsideration docketed in 844 EDA 2013 on August 21, 2014. The stay in this case was lifted by this Court's Order of November 18, 2014.

6

constitutional issues may not be raised for the first time on appeal. *Coulter v. Ramsden*, 2014 PA Super 127, 94 A.3d 1080, 1089 (2014), *reargument denied* (Aug. 4, 2014), *appeal denied,* (Pa. Dec. 10, 2014); *see also* Pa.R.A.P. 302.

## III.  CONSTITUTIONAL CLAIMS

Appellant, finally, avers that his rights to due process and equal protection were unduly infringed upon "when the plaintiff and the trial court disregarded the Order docketed on December 16, 2012, directing the Sheriff not to issue a deed pending further Order of that Court..." Appellant is barred from litigating this issue. As noted above, Appellant attempts to attack the underlying judgment and Sheriff's Sale in the foreclosure proceeding, a collateral action to the instant ejectment.

Although he now couches his argument in claims of constitutional violations, Appellant did not raise such arguments before this Court in his pleadings. *See Coulter*, 94 A.3d at 1089. Additionally, these claims again attack the validity of the sheriff's sale, not the instant ejectment, and the Superior Court of Pennsylvania has previously held that there was no abuse of discretion in this Court's denial of Appellant's Petition to Set Aside the Sheriff's Sale.

## CONCLUSION

For all of the reasons stated above, this Court's decision should be affirmed and Appellant's appeal dismissed.

BY THE COURT:

DATE: March 27, 2015

_____
NINA WRIGHT PADILLA, J.